■ In the Matter of KERWIN JOHNSON, Petitioner, v PHILIP COOMBE, JR., as Commissioner of the Department of Correctional Services, et al., Respondents. [664 NYS2d 372] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, was found guilty of assaulting a fellow inmate in violation of institutional rules. The determination of guilt was affirmed upon administrative appeal, but the penalty imposed was modified to 365 days' confinement in the special housing unit with loss of certain privileges and 12 months' loss of good time. Upon our review of the record, we conclude that the determination must be annulled because petitioner's constitutional and regulatory right to call witnesses was violated (see, Wolff v McDonnell, 418 US 539, 566; Matter of Laureano v Kuhlmann, 75 NY2d 141; see also, 7 NYCRR 254.5 [a]).

The record reveals that at the beginning of the disciplinary hearing, petitioner notified the Hearing Officer regarding the witnesses he wished to call, including inmates Kevin Matthew and J. Pizarro. The Hearing Officer agreed to make arrangements to locate these and other requested witnesses. Nevertheless, the hearing concluded without Matthew or Pizarro having been produced or interviewed and without any explanation as to what efforts had been undertaken to locate them or reasons for their exclusion (see, 7 NYCRR 254.5 [a]). "A disciplinary determination cannot stand when a denial of the inmate's request to call a witness * * * is wholly unexplained" (Matter of Laureano v Kuhlmann, supra, at 147). Respondents contend that because petitioner failed to reiterate his request for Matthew or Pizarro or to object to their absence at the close of the hearing, petitioner waived his right to call them. We disagree. "The constitutional right [to call witnesses] is not waivable unless it is shown that the [inmate] was informed of its existence and made a knowing and intelligent waiver" (Matter of Burke v Coughlin, 97 AD2d 862, 863). This showing has not been made here (cf., Bedoya v Coughlin, 91 F3d 349). Under these circumstances, we conclude that the determination must be annulled (see, Matter of Contras v Coughlin, 199 AD2d 601, 602) and

that expungement of all references to this proceeding from petitioner's institutional record is the appropriate remedy (see, *Matter of Allah v LeFevre*, 132 AD2d 293, 295). In view of our holding, we need not reach petitioner's remaining contentions.

Mikoll, J. P., Mercure, White, Casey and Peters, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and respondents are directed to expunge all references to this proceeding from petitioner's institutional records and to restore any good time taken from petitioner as a result thereof.