■ In the Matter of INJAH TAFARI, Petitioner, v MICHAEL McGINNIS, as Superintendent of Southport Correctional Facility, Respondent. [759 NYS2d 911] —Mugglin, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following a search of his cell at the Southport Correctional Facility Special Housing Unit, petitioner was charged in a misbehavior report with three violations of prison disciplinary rules—possession of contraband, alteration of state property without authorization, and providing legal assistance without authorization. At his nine-minute hearing on these charges, the Hearing Officer read the misbehavior report into the record

and obtained petitioner's not guilty plea to each charge. Thereafter, petitioner was asked to describe his version of the events in question and a confrontational discussion ensued concerning only the charge of providing legal assistance without authorization. In response to the Hearing Officer's fourth inquiry as to whether petitioner had any further testimony, petitioner replied, "No sir." The Hearing Officer then stated, "Then at this time I am going to stop to consider my decision. The time is approximately 10:10 a.m." The tape recording of the hearing reveals that while the Hearing Officer was reciting "10:10 a.m.," petitioner asked, "Can I call any witnesses?"—a question that went unanswered. Twenty minutes later, the Hearing Officer rendered his decision, finding petitioner guilty of possession of contraband and alteration of state property, but not guilty of providing legal assistance without authorization.

Under these circumstances, we find merit to petitioner's claim that he was denied the right to call witnesses in his defense. The Hearing Officer made no determination that the denial of their testimony was necessary to promote "institutional safety or correctional goals" (7 NYCRR 254.5 [a], [b]; *see Matter of Boodro v Coughlin,* 142 AD2d 820, 821 [1988]). The Hearing Officer also failed to make any inquiry concerning whether the testimony of any prospective witnesses would be material and relevant to the charges of which petitioner was found guilty. At a minimum, the hearing should not have been brought to a close without affording petitioner the opportunity to address these issues (*see generally Matter of Hernandez v Selsky,* 296 AD2d 677 [2002]; *Matter of Russell v Selsky,* 283 AD2d 890, 891 [2001], *lv dismissed, lv denied* 97 NY2d 668 [2001]; *Matter of Rodriguez-Aliseo v Selsky,* 268 AD2d 739, 740 [2000]; *Matter of Di Salvo v Selsky,* 260 AD2d 874, 875 [1999]; *Matter of Barreto v Goord,* 244 AD2d 610, 611 [1997]).

Mercure, J.P., Peters, Rose and Kane, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possession of contraband and alteration of state property without authorization; matter remitted to respondent for a new hearing on said charges; and, as so modified, confirmed.