[813 NYS2d 564]

In the Matter of MICHAEL ALVAREZ, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent.

Third Department, April 13, 2006

**APPEARANCES OF COUNSEL**

*Stacy L. Graczyk, Prisoners' Legal Services of New York,* Plattsburgh, for appellant.

*Eliot Spitzer, Attorney General*, Albany (*Frank Brady* of counsel), for respondent.

**OPINION OF THE COURT**

KANE, J.

Following a disciplinary hearing and unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging a determination which found him guilty of violating multiple prison disciplinary rules. Finding that the Hearing Officer had not made reasonable efforts to ascertain the genuineness of the refusal to testify of a witness requested by petitioner, Supreme Court granted the petition to the extent that it sought annulment of respondent's determination. The court, however, declined to order expungement and, instead, remanded the matter for a new hearing. Petitioner now appeals on the sole basis that expungement, as opposed to a new hearing, was the remedy that should have been directed. Respondent, while conceding that it was error for the Hearing Officer to fail to inquire further about the witness's refusal to testify, contends that the court acted within its discretion in remanding the matter for a new hearing.

Under the US Constitution, inmates charged with violations of prison disciplinary rules have a conditional right to call witnesses; for example, prison officials have discretion to deny an inmate's requested witnesses in order to avoid jeopardizing institutional safety or correctional goals (*see Wolff v McDonnell*, 418 US 539, 566 [1974]; *Matter of Laureano v Kuhlmann*, 75 NY2d 141, 146-147 [1990]). New York adopted a regulation to implement this constitutional right, but that regulation provides more protection to inmates than the constitution requires (*see* 7 NYCRR 254.5; *Matter of Laureano v Kuhlmann, supra* at 147 [noting that some of the regulatory rights provided in 7 NYCRR 254.5 were "suggested by the Supreme Court but not required as a matter of due process"]). The constitution addresses denials of witnesses by hearing officers, as representatives of the government. The regulation has been extended to cover situa-

tions where a hearing officer has not denied a witness, but the requested inmate witness refuses to testify (*see Matter of Hill v Selsky*, 19 AD3d 64, 66 [2005]; *see also Matter of Barnes v LeFevre*, 69 NY2d 649, 650 [1986]). While constitutional violations of an inmate's right to call witnesses will result in expungement (*see Matter of Monko v Selsky*, 246 AD2d 699, 700 [1998]), such a result is generally not required where the hearing officer only violates the inmate's regulatory rights regarding witnesses (*cf. Matter of Allah v LeFevre*, 132 AD2d 293, 294-295 [1987]).

Although this rule may sound simple, a review of the case law reveals that application of the rule has not been easy or uniform. Appellate courts have, in similar situations, either ordered expungement as a matter of law (*see Matter of Johnson v Coombe*, 244 AD2d 664, 665 [1997]; *Matter of Contras v Coughlin*, 199 AD2d 601, 602-603 [1993]), or remitted for a new hearing as a matter of law (*see Matter of Coleman v Coombe*, 65 NY2d 777, 780 [1985]; *Matter of Tafari v McGinnis*, 306 AD2d 662, 663 [2003]); this Court has also balanced the equities to determine which of these options is most appropriate under the particular circumstances (*see Matter of Maier v Coughlin*, 193 AD2d 1015, 1016 [1993] [expungement]; *Matter of Williams v Coughlin*, 145 AD2d 771, 773 [1988] [expungement]; *Matter of Smith v Coughlin*, 137 AD2d 938, 939 [1988] [remittal]; *Matter of Shipman v Coughlin*, 98 AD2d 823, 824 [1983] [remittal]; *see also Matter of Monko v Selsky*, *supra* at 700). Sometimes the courts provide an explanation to accompany the result (*see e.g. Matter of Martinez v Goord*, 15 AD3d 737, 738 [2005] [remittal]; *Matter of Contras v Coughlin*, *supra* at 602-603 [expungement]), while in other cases the remedy is simply included in the decretal paragraph as if it is a foregone conclusion (*see e.g. Matter of Reyes v Goord*, 20 AD3d 830, 831 [2005] [expungement]; *Matter of Allen v Goord*, 14 AD3d 961, 963 [2005] [expungement]; *Matter of Tafari v McGinnis*, *supra* at 663 [remittal]; *Matter of Mason v LeFevre*, 115 AD2d 922, 924 [1985] [remittal]). Where the petitioning inmate requested a certain remedy, the courts were likely to grant the requested relief if the petition had merit and the respondent did not contest that result (*see Matter of Dawes v Coughlin*, 83 NY2d 597, 602 [1994] [new hearing]; *Matter of Rosario v Selsky*, 162 AD2d 939, 941 [1990] [expungement]). In most cases, however, the parties do not adequately address the remedy that they seek, if they address it at all. This case squarely presents the issue for resolution because the parties only dispute whether expungement or remittal is the proper remedy.

We now attempt to clarify the parameters of constitutional violations requiring expungement. A hearing officer's actual outright denial of a witness without a stated good-faith reason, or lack of any effort to obtain a requested witness's testimony, constitutes a clear constitutional violation (*see Matter of Reyes v Goord, supra* at 831; *Matter of Escoto v Goord,* 9 AD3d 518, 519-520 [2004]; *Matter of Johnson v Coombe, supra* at 665). In addition, this Court has consistently held that where an inmate witness agreed to testify but later refuses to do so without giving a reason, the hearing officer must personally attempt to ascertain the reason for the inmate's unwillingness to testify; failure to make a personal inquiry constitutes a regulatory violation tantamount to a constitutional violation, thus requiring expungement (*see Matter of Hill v Selsky, supra; Matter of Brodie v Selsky,* 203 AD2d 671 [1994]; *Matter of Contras v Coughlin, supra*). Most other situations constitute regulatory violations, requiring annulment of the determination but not mandating expungement.

Here, petitioner requested the testimony of a woman who was caught smuggling drugs into the facility during a visit to petitioner, and was charged criminally based on this conduct. Petitioner provided the Hearing Officer his sister's phone number as an avenue of reaching this woman. The Hearing Officer left a message for petitioner's sister, who later responded that the requested witness did not wish to testify. No reason for her refusal was reported and no further efforts were made to contact the requested witness directly. Because this was, at most, a regulatory violation, not of constitutional magnitude, Supreme Court correctly denied petitioner's request for expungement and remitted the matter for a new hearing (*see Matter of Martinez v Goord, supra* at 738; *see also Matter of Allah v LeFevre, supra* at 295 [finding nonconstitutional error but expunging for equitable reasons]).

MERCURE, J.P., CREW III, PETERS and MUGGLIN, JJ., concur.

Ordered that the judgment is affirmed, without costs.