◾ In the Matter of CALVIN BUARI, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [894 NYS2d 566]—

Kavanagh, J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered December 1, 2008 in Albany County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

After his wife was apprehended inside the prison with five two-ounce bottles of alcohol and eight grams of cocaine, petitioner, an inmate, was charged in a misbehavior report with conspiring to introduce drugs into the facility, smuggling and

using other inmates' personal identification numbers. Petitioner was found guilty of all charges following a tier III disciplinary hearing, and the determination was affirmed on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding and Supreme Court, among other things, found that petitioner's right to present witnesses had been violated and remitted the matter to respondent for a new hearing. Petitioner now appeals, contending that expungement of the charges, not a rehearing, was the appropriate remedy.

We affirm. An inmate generally has the right to call witnesses at a disciplinary hearing when doing so would not jeopardize institutional safety or correctional goals (*see Matter of Alvarez v Goord*, 30 AD3d 118, 119 [2006]; *Matter of Crosby v Selsky*, 24 AD3d 990, 991 [2005]). Violations of this right have been divided into two categories—constitutional deprivations, for which the remedy is expungement, and regulatory violations, for which the remedy is remittal for a new hearing (*see Matter of Alvarez v Goord*, 30 AD3d at 119-120). Here, during the hearing, petitioner requested four inmate witnesses to testify, including an inmate named McDowell. The Hearing Officer, apparently having misunderstood petitioner, requested the testimony of an inmate named McDonald, who refused to testify. Petitioner did not realize the error immediately, as he was not afforded the opportunity to view the unredacted inmate witness refusal forms until respondent filed his answer in this proceeding. Supreme Court properly remitted the matter to respondent for a new hearing, inasmuch as the inadvertent error by the Hearing Officer did not amount to an "actual outright denial of a witness without a stated good-faith reason, or lack of any effort to obtain a requested witness's testimony," which would have required expungement (*Matter of Alvarez v Goord*, 30 AD3d at 121; *see Matter of Caldwell v Goord*, 34 AD3d 1173, 1175 [2006]).

In light of our holding, the remainder of petitioner's procedural arguments have been rendered academic.

Peters, J.P., Rose, Lahtinen and Malone Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.