◼ In the Matter of EDWARD ROBERSON, Petitioner, v NORMAN BEZIO, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [897 NYS2d 529]—

Cardona, P.J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

After an inmate (hereinafter the victim) was assaulted and identified petitioner as one of his attackers in a photo array, petitioner was charged in a misbehavior report with creating a disturbance, assaulting an inmate, engaging in violent conduct and being out of place. He was found guilty of the charges following a tier III disciplinary hearing. The determination was later affirmed on administrative appeal with a modified penalty, and this CPLR article 78 proceeding ensued.

Upon review of this record, we conclude that petitioner was improperly denied the opportunity to call the victim as a witness at the hearing in violation of his constitutional right to do so as codified in 7 NYCRR 254.5. In setting forth that conditional right, the regulation provides that, where a hearing officer denies an inmate's request for a witness, the officer "shall give

the inmate a written statement stating the reasons for the denial, including the specific threat to institutional safety or correctional goals" (7 NYCRR 254.5 [a]; *see Matter of Laureano v Kuhlmann*, 75 NY2d 141, 146 [1990]; *Matter of Alvarez v Goord*, 30 AD3d 118, 119 [2006]). Here, the victim clearly had information relevant to the charges and, if permitted to do so, petitioner could have questioned him regarding the statement he made to correction officers immediately after the attack, as well as the victim's later identification of him from a photo array. In denying petitioner's request in writing, however, the Hearing Officer cited safety and security concerns related to an ongoing criminal investigation and the desire to prevent possible intimidation of the victim. Notably, the record fails to support the claim that the goal of protecting institutional safety was furthered by denying the victim as a witness and, in fact, respondent acknowledges herein that petitioner should not have been prevented from calling this witness. Moreover, insofar as the victim's testimony could have been taken out of petitioner's presence (*see* 7 NYCRR 254.5 [b]), the prevention of witness intimidation was not a viable alternative reason for denying petitioner's request under the circumstances presented herein.

Turning to the issue of remedy, we agree with respondent that the matter must be remitted for a new hearing (*see Matter of Alvarez v Goord*, 30 AD3d at 121). Given that the Hearing Officer put forth a good faith reason for the denial, we find that there was no "clear constitutional violation" requiring expungement (*id.* at 121; *compare Matter of Caldwell v Goord*, 34 AD3d 1173, 1175 [2006]). Therefore, inasmuch as we find that there was a violation of petitioner's regulatory right to call witnesses, a new hearing is appropriate.

In light of the above disposition, it is unnecessary to consider petitioner's remaining challenges.

Peters, Spain, Stein and Garry, JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to the Department of Correctional Services for further proceedings not inconsistent with this Court's decision.