Appeal from a judgment of the Supreme Court (Sackett, J.), entered July 24, 2007 in Albany County, which dismissed petitioner’s application, in a proceeding pursuant to CFLR article 78, to review a determination of the Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.
*1124 After a search of petitioner’s prison cell produced several items that he was not permitted to possess, he was served with a misbehavior report charging him with multiple disciplinary infractions. Following a tier III disciplinary hearing, petitioner was found guilty of several charges, including, as relevant to this appeal, unauthorized organizational activity. That determination was upheld on administrative appeal, after which petitioner commenced this CPLR article 78 proceeding, contending only that he was impermissibly denied a witness that could have provided testimony relevant to the charge of unauthorized organizational activity. Supreme Court dismissed the petition on the merits, and petitioner appeals.
An inmate has a conditional right to call witnesses during a prison disciplinary hearing, as long as doing so does not constitute a threat to institutional safety or correctional goals (see Matter ofBuari v Fischer, 70 AD3d 1147, 1148 [2010]; Matter of Alvarez v Goord, 30 AD3d 118, 119 [2006]). Here, the basis for the charge of unauthorized organizational activity was a personal photograph found in petitioner’s cell with an inscription on the back that was alleged to have been gang-related. Petitioner requested the testimony of the inmate who allegedly had inscribed the photograph and given it to him. The Hearing Officer denied the witness’s testimony as being irrelevant because the inmate had no training in the recognition of gang-related material. However, we conclude that the inmate, if he inscribed the photograph as alleged, did have information relevant to the charges, and petitioner could have questioned him as to whether there was a non-gang-related explanation. As such, the Hearing Officer erred in denying petitioner’s witness (see Matter of Roberson v Bezio, 70 AD3d 1226, 1227 [2010], lv denied 14 NY3d 714 [2010]). Because the Hearing Officer put forth a good faith reason for the denial, the proper remedy is to remit the matter (see Matter of Roberson v Bezio, 70 AD3d at 1227; see also Matter ofBuari v Fischer, 70 AD3d at 1148).
Mercure, J.P, Peters, Rose, Kavanagh and Garry, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed that part of the petition seeking to annul the determination of guilt with respect to the charge of unauthorized organizational activity; petition granted to that extent and matter remitted to the Commissioner of Correctional Services for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.