Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.
During a search of his prison cell, petitioner became involved in an altercation with several correction officers. As a result, he was served with a misbehavior report charging him with assaulting staff, refusing a direct order, engaging in violent conduct, causing a disturbance and interfering with staff. During the ensuing tier III disciplinary hearing, two correction officers involved in the incident testified, but the Hearing Officer denied petitioner’s request for a third correction officer to testify. Petitioner was thereafter found guilty of all charges and that determination was affirmed on administrative appeal. Petitioner thus commenced this CPLR article 78 proceeding, and we now annul.
In a prison disciplinary hearing, an inmate has a conditional right to call witnesses, provided that doing so poses no threat to institutional safety or correctional goals (see Matter of Buari v Fischer, 70 AD3d 1147, 1148 [2010]; Matter of Alvarez v Goord, 30 AD3d 118, 119 [2006]). Here, petitioner sought the testimony of a third correction officer, whose written report of the incident, petitioner alleged, was internally inconsistent and contrary to the version of events related by the two correction officers at the hearing. Inasmuch as the stated reason for calling the third officer was to rebut the testimony of the other two officers, we agree with the Attorney General that the Hearing Officer erred in denying petitioner’s witness on the ground that his testimony would be redundant. However, because the Hearing Officer put forth a good faith reason for the denial, petitioner’s constitutional rights were not violated; instead, it amounted to a violation of petitioner’s regulatory right to call witnesses and, therefore, the proper remedy is to remit the matter for a new hearing (see Matter of Roberson v Bezio, 70 AD3d 1226, 1226-1227 [2010], Iv denied 14 NY3d 714 [2010]; Matter of Buari v Fischer, 70 AD3d at 1148).
In light of the above disposition, it is unnecessary to consider petitioner’s remaining challenges.
Peters, J.P., Spain, Rose, Kavanagh and Stein, JJ., concur. *1128 Adjudged that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court’s decision.