In the Matter of RANDOLPH JAMISON, Respondent, v BRIAN FISCHER, as Commissioner of Correctional Services, Appellant. [913 NYS2d 350]—

Stein, J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered April 9, 2010 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent finding petitioner guilty of violating certain disciplinary rules.

Petitioner, an inmate, commenced this CPLR article 78 proceeding following his unsuccessful administrative appeal of a tier III disciplinary hearing that found him guilty of assaulting staff, creating a disturbance, refusing to be frisked and violent conduct. After concluding that petitioner had been improperly denied the right to call witnesses at the hearing, Supreme Court granted the petition and directed that all references to the matter be expunged from petitioner's institutional record. On this appeal, respondent concedes that petitioner's rights were violated, but argues that remittal of the matter for a new hearing rather than expungement was the proper remedy.

We cannot agree. "An inmate generally has the right to call witnesses at a disciplinary hearing when doing so would not jeopardize institutional safety or correctional goals" (Matter of Buari v Fischer, 70 AD3d 1147, 1148 [2010] [citations omitted]). While regulatory violations of this right will necessitate remittal for a new hearing, constitutional violations require

expungement (*see Matter of Barnes v LeFevre*, 69 NY2d 649, 650 [1986]; *Matter of Contras v Coughlin*, 199 AD2d 601, 602-603 [1993]; *see generally Matter of Alvarez v Goord*, 30 AD3d 118, 120 [2006]). In this regard, we have held that "[a] hearing officer's actual outright denial of a witness without a stated good-faith reason, or lack of any effort to obtain a requested witness's testimony, constitutes a clear constitutional violation" (*Matter of Alvarez v Goord*, 30 AD3d at 121). Here, the misbehavior report giving rise to the proceeding alleged that petitioner struck a correction officer while he was waiting outside of his cell to be escorted to a prison visitation room. At the ensuing hearing, petitioner denied striking the officer and requested that several inmates who purportedly observed the incident be called to testify in his defense.

Following an adjournment, the Hearing Officer informed petitioner that five of the requested witnesses "don't want to testify, nobody saw anything or heard anything. [They] [a]ll refused to testify, saying they saw nothing, know nothing." However, "Requested Inmate Witness Refusal to Testify" forms submitted with respect to these inmates indicate that each inmate refused to provide any information regarding his ostensible unwillingness to testify. Moreover, all of the forms are unsigned and four of them are entirely blank but for those portions completed by the correction officer who prepared them.* Notably, the Hearing Officer did not inquire of this correction officer as to the facts surrounding the inmates' refusals (*see Matter of Hill v Selsky*, 19 AD3d 64, 66 [2005]; *Matter of Matos v Goord*, 293 AD2d 855, 856 [2002]).

When two additional refusal forms were subsequently presented to the Hearing Officer, he noted that "[b]oth give no reason as to why they don't want to testify but both [inmates] signed that they don't wish to testify." One of these forms is nonetheless similarly blank and unsigned; as to the other, while it is signed, the reason provided for the inmate's refusal to testify is "I'm not in my cell." Again, the record lacks any indication that the Hearing Officer communicated with these inmates—or with the correction officer who prepared the forms—to verify their refusals to testify (*see Matter of Barnes v LeFevre*, 69 NY2d at 650). Under these circumstances, we conclude that the Hearing Officer's failure to ascertain the reasons for the unwillingness to testify by the inmate witnesses requested by petitioner was a violation of petitioner's right to call witnesses, requiring expungement, rather than remittal (*see Matter of Alvarez v Goord*, 30 AD3d at 120; *Matter of Contras v*

---

* An explanation on the fifth form states, "I don't want to testify."

*Coughlin*, 199 AD2d at 602-603; *compare Matter of Roberson v Bezio*, 70 AD3d 1226, 1227 [2010], *lv denied* 14 NY3d 714 [2010]; *Matter of Buari v Fischer*, 70 AD3d at 1148).

Rose, J.P., Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs. 