*1070 Appeal from a judgment of the Supreme Court (Hayden, J.), entered February 10, 2012 in Chemung County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with violent conduct, assault on staff, unhygienic act, interference with an employee and wasting food after he allegedly knocked his food on the floor and dumped his drink on a correction officer who was distributing the lunch tray. Following the hearing,* petitioner was found guilty of all charges and the determination was affirmed on administrative appeal. Thereafter, petitioner commenced this CPLR article 78 proceeding challenging the determination. Supreme Court dismissed the petition and this appeal ensued.
An inmate has a right to call witnesses at a disciplinary hearing so long as the testimony is not immaterial or redundant and poses no threat to institutional safety or correctional goals (see 7 NYCRR 254.5 [a]; see generally Matter of Alvarez v Goord, 30 AD3d 118 [2006]). Here, petitioner maintained that the misbehavior report was written in retaliation for numerous harassment grievances he had recently filed against the correction officer who authored the misbehavior report. The Hearing Officer denied petitioner’s request to call two witnesses who conducted investigations into those recent complaints, finding that their testimony would be immaterial. At the conclusion of the hearing, however, the Hearing Officer determined that the incident was not the result of retaliation.
Under the circumstances herein, we find that the Hearing Officer improperly denied the requested witnesses. Given the close proximity between the filing of the grievances and issuance of the misbehavior report — the last grievance was filed approximately one week before the misbehavior report was issued — and the information that the investigations had been completed, we find that the testimony was material to petitioner’s claim of retaliation. Further, documents in the record establish that one of the requested witnesses escorted petitioner from his cell and interviewed him immediately following the incident. Thus, the Hearing Officer erred in denying the testimony as immaterial, and this denial was prejudicial to petitioner’s ability to present his retaliation defense (see Matter *1071 of Diaz v Fischer, 70 AD3d 1082, 1083 [2010]; compare Matter of Tafari v Rock, 96 AD3d 1321, 1321 [2012], lv denied 19 NY3d 810 [2012]). As the Hearing Officer put forth a good faith reason for the denial, this amounted to a violation of petitioner’s regulatory right to call witnesses and, therefore, the proper remedy is to remit the matter for a new hearing (see Matter of Tafari v Selsky, 76 AD3d 1123, 1124 [2010], lv dismissed 16 NY3d 783 [2011]; Matter of Santiago v Fischer, 76 AD3d 1127, 1127 [2010]). In view of the foregoing, petitioner’s remaining contentions have been rendered academic.
Lahtinen, J.E, Malone Jr., Kavanagh, Garry and Egan Jr., JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination annulled and matter remitted to respondent for further proceedings not inconsistent with this Court’s decision.

 The determination from the initial hearing in this matter was reversed and a new hearing ordered due to an incomplete hearing transcript.