■ In the Matter of FRANCIS MOULTON, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [952 NYS2d 922]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with unauthorized use of a controlled substance after a sample of his urine twice tested positive for the presence of THC. He was found guilty of the charge at the conclusion of a tier III disciplinary hearing. After the determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding.

Initially, respondent concedes, and we agree, that the Hearing Officer improperly denied petitioner's request for a witness who could testify as to whether the medications and supplements that petitioner was taking would have caused a false positive urinalysis result. Notably, while "[a] hearing officer's actual outright denial of a witness without a stated good-faith reason, or lack of any effort to obtain a requested witness's testimony, constitutes a clear constitutional violation [requiring expungement,] [m]ost other situations constitute regulatory violations [requiring a new hearing]" (*Matter of Alvarez v Goord*, 30 AD3d 118, 121 [2006]). Here, inasmuch as we agree with respondent that the above error was not of constitutional dimension, we deem it appropriate to remit for a new hearing (*see Matter of*

*Torres v Prack*, 95 AD3d 1518, 1519 [2012]; *Matter of Buari v Fischer*, 70 AD3d 1147, 1148 [2010]).

Given this result, it is unnecessary to address petitioner's remaining contentions.

Peters, P.J., Mercure, Malone Jr., Kavanagh and Egan Jr., JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.