■ In the Matter of DAVID MORRIS-HILL, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [960 NYS2d 273]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with using a controlled substance after a sample of his urine twice tested positive for the presence of THC. He was found guilty of the charge at the conclusion of a tier III disciplinary hearing, and the determination was affirmed on administrative appeal with a modified penalty. This CPLR article 78 proceeding ensued.

Petitioner contends, among other things, that he was improperly denied the right to have the correction officer who tested his urine and authored the misbehavior report testify at the hearing. The record discloses that the Hearing Officer denied this individual as a witness because he had retired. The Hearing Officer, however, made no efforts to ascertain this individual's availability or if he would be willing to testify at the hearing despite his retirement.

It is well settled that an inmate has a conditional right to call witnesses at a disciplinary hearing provided their testimony would not jeopardize institutional safety or correctional goals (see 7 NYCRR 254.5 [a]; Matter of Lopez v Fischer, 100 AD3d 1069, 1070 [2012]; Matter of Santiago v Fischer, 76 AD3d 1127, 1127 [2010]). As this Court has recognized, "[a] hearing officer's actual outright denial of a witness without a stated good-faith reason, or lack of any effort to obtain a requested witness's testimony, constitutes a clear constitutional violation" (Matter of Alvarez v Goord, 30 AD3d 118, 121 [2006]) requiring expungement (see Matter of Caldwell v Goord, 34 AD3d 1173, 1174-1175 [2006]). On the other hand, where a good faith reason for the denial appears on the record, this amounts to a regulatory violation requiring that the matter be remitted for a new hearing (see e.g. Matter of Lopez v Fischer, 100 AD3d at 1071; Matter of Santiago v Fischer, 76 AD3d at 1127; Matter of Alvarez v Goord, 30 AD3d at 121).

Here, the Hearing Officer articulated a good faith reason for the denial on the record, that being the correction officer's retirement. Respondent concedes and we agree that this amounted to a violation of petitioner's regulatory right to call

witnesses. Under the circumstances presented, the Hearing Officer should have made further inquiry to determine if the correction officer would testify even though he was retired. As no such effort was made, this matter must be remitted for a new hearing (*see Matter of Alvarez v Goord*, 30 AD3d at 121). In view of our disposition, we need not address petitioner's remaining claims.

Peters P.J., Rose, Stein and Egan Jr., JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.