■ In the Matter of GERALD GRIFFIN, Petitioner, v ALBERT PRACK, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [973 NYS2d 476]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

Upon his transfer to Attica Correctional Facility from Upstate Correctional Facility, a search of petitioner's property revealed a metal rod with a cloth handle concealed in a box of rice. As a result, petitioner was charged in a misbehavior report with possessing a weapon, possessing an altered item and smuggling. At the conclusion of the tier III disciplinary hearing, petitioner was found guilty as charged, and that determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.

Respondent concedes, and we agree, that the Hearing Officer improperly denied petitioner's request to call as witnesses the officers from Upstate who processed his property for his transfer to Attica, as their testimony was material to petitioner's claim that the metal rod did not belong to him. It appears from the hearing transcript that the Hearing Officer believed that the search of petitioner's property at Upstate did not include a search of the specific property bag in which the metal rod subsequently was found at Attica, based upon the property bag identification numbers listed on the property transfer forms.

"[W]hile '[a] hearing officer's actual outright denial of a witness without a stated good-faith reason, or lack of any effort to obtain a requested witness's testimony, constitutes a clear constitutional violation [requiring expungement,] [m]ost other situations constitute regulatory violations [requiring a new hearing]' " (*Matter of Moulton v Fischer*, 100 AD3d 1131, 1131 [2012], *lv dismissed* 20 NY3d 1021 [2013], quoting *Matter of Alvarez v Goord*, 30 AD3d 118, 121 [2006]). Here, we agree with respondent that the denial of the witnesses constituted a regulatory violation, and the proper remedy is to remit the matter for a new hearing (*see Matter of Morris-Hill v Fischer*, 104 AD3d 978, 978 [2013]; *Matter of Moulton v Fischer*, 100 AD3d at 1131; *Matter of Lopez v Fischer*, 100 AD3d 1069, 1071 [2012]). In light of our determination, we need not address petitioner's remaining claims.

Peters, P.J., Lahtinen, Spain and Egan Jr., JJ., concur.

Adjudged that the determination is annulled, without costs, and matter remitted to the Commissioner of Corrections and Community Supervision for further proceedings not inconsistent with this Court's decision.