We affirm. In situations where an inmate is improperly denied the right to call a witness at a disciplinary hearing, the appropriate remedy of remittal or expungement depends upon whether the situation constitutes a regulatory or constitutional *976 violation (see Matter of Alvarez v Goord, 30 AD3d 118, 121 [2006]). “[W]hile [a] hearing officer’s actual outright denial of a witness without a stated good-faith reason, or lack of any effort to obtain a requested witness’s testimony, constitutes a clear constitutional violation [requiring expungement,] [mjost other situations constitute regulatory violations [requiring a new hearing]” (Matter of Moulton v Fischer, 100 AD3d 1131, 1131 [2012], lv dismissed 20 NY3d 1021 [2013] [internal quotation marks and citation omitted]). Here, because the Hearing Officer stated a good-faith basis for the denial of the witnesses, the error was not of constitutional dimension (see e.g. Matter of Buari v Fischer, 70 AD3d 1147, 1148 [2010]; Matter of Alvarez v Goord, 30 AD3d at 121). Moreover, “[r]emittal for a rehearing rather than expungement is generally permissible where, as here, substantial evidence otherwise supports the determination” (Matter of Deboue v Fischer, 108 AD3d 818, 819 n [2013]). Accordingly, we find that under the circumstances herein, Supreme Court correctly remitted the matter for a new hearing rather than order expungement (see Matter of Morris-Hill v Fischer, 104 AD3d 978, 978-979 [2013]; Matter of Gross v Yelich, 101 AD3d 1298, 1298 [2012]; Matter of Alvarez v Goord, 30 AD3d at 121).
Rose, J.P., Stein, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.