Rose, J.
Appeal from that part of a judgment of the Supreme Court (Lawliss, J.), entered May 24, 2013 in Clinton County, which partially dismissed petitioner’s application, in a proceeding pursuant to CFLR article 78, to annul a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Eetitioner, an inmate, commenced this CFLR article 78 proceeding seeking to challenge a tier III prison disciplinary determination finding him guilty of multiple prison disciplinary rule violations, including, among other things, attempted infliction of bodily harm, threats and impersonation. Ruling that the Hearing Officer had not made reasonable efforts to ascertain the basis for the refusal to testify given by one of petitioner’s requested witnesses,[1] Supreme Court granted the petition to the extent that it sought annulment of respondent’s determination. The court declined, however, to order expungement as requested *1138 by petitioner and, instead, remitted the matter for a new hearing. Petitioner filed a notice of appeal specifically challenging only the ruling denying his request for expungement.[2]
We affirm. Contrary to petitioner’s argument, remittal for a new hearing was the appropriate remedy under the circumstances of this case. Significantly, “[w]hile constitutional violations of an inmate’s right to call witnesses will result in expungement, such a result is generally not required where the hearing officer only violates the inmate’s regulatory rights regarding witnesses” (Matter of Alvarez v Goord, 30 AD3d 118, 120 [2006] [citation omitted]; see Matter of Morris-Hill v Fischer, 104 AD3d 978, 978 [2013]). Here, the record confirms that the Hearing Officer made some, albeit insufficient, effort to obtain petitioner’s witness and did not deny the witness outright “without a stated good-faith reason” (Matter of Alvarez v Goord, 30 AD3d at 121; see Matter of Morris-Hill v Fischer, 104 AD3d at 978). Accordingly, Supreme Court correctly held that this error constituted a violation of petitioner’s regulatory right set forth in 7 NYCRR 254.5, thus “requiring annulment of the determination but not mandating expungement” (Matter of Alvarez v Goord, 30 AD3d at 121; compare Matter of Barnes v LeFevre, 69 NY2d 649, 650 [1986], with Matter of Abdur-Raheem v Brack, 98 AD3d 1152, 1153 [2012]).
Lahtinen, J.R Stein and Garry, JJ., concur.
Ordered that the judgment is affirmed, without costs.

. The record discloses that petitioner was an inmate incarcerated at Upstate Correctional Facility in Franklin County when he was served with the subject misbehavior report charging him with violations occurring at Attica Correctional Facility in Wyoming County, where he was previously housed. As relevant herein, one of the inmate witnesses requested by petitioner (then housed at Elmira Correctional Facility in Chemung County) refused to testify, stating as his reason on the refusal form: “I was never at [U]pstate ever. I came here from [A]ttica!” Inasmuch as this response indicated confusion on the part of the inmate regarding the request for his testimony, the Hearing Officer agreed, following several objections by petitioner, to have the inmate “re-interviewed.” However, there is no indication in the record that the Hearing Officer made any further efforts in that regard.

. We note that, while respondent maintains on the appeal that petitioner should not have prevailed because he allegedly failed to preserve his claim that he was deprived of his right to call a relevant witness by objecting on this ground during the hearing, this contention is not preserved for our review given that it was not asserted or argued before Supreme Court (see Albany Eng’g Corp. v Hudson River/Black Riv. Regulating Dist., 110 AD3d 1220, 1222-1223 [2013]).