Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with engaging in violent conduct, creating a disturbance, assaulting staff and interfering with an employee. According to the misbehavior report, petitioner was identified as one of approximately 25 inmates who were throwing closed-fist punches at correction officers during a mass disturbance in the main yard. Following a tier III disciplinary hearing, petitioner was found guilty as charged. Other than modification of the penalty imposed, the determination was affirmed on administrative appeal, prompting this CPLR article 78 proceeding.
We confirm. The misbehavior report and testimony of the correction officer who authored the misbehavior report provide substantial evidence to support the determination of guilt (see Matter of Gaston v Fischer, 109 AD3d 1063, 1063 [2013]). Petitioner’s assertion that he did not participate in the melee presented a credibility issue for the Hearing Officer to resolve (see Matter of Burr v Fischer, 100 AD3d 1313, 1313 [2012], lv denied 20 NY3d 857 [2013]). Petitioner’s contention that he was improperly denied a videotape of the main yard is without merit as the record reveals that no such videotape existed (see Matter of Lewis v Fischer, 112 AD3d 1194, 1195 [2013]). Finally, to the extent that petitioner challenges the denial of his request for a videotape of an area outside the main yard, we find no error in the Hearing Officer’s determination that such evidence was irrelevant (see Matter of Cody v Goord, 17 AD3d 943, 944-945 [2005]).
Peters, PJ., McCarthy, Garry and Rose, JJ., concur.
Adjudged *1264 that the determination is confirmed, without costs, and petition dismissed.