Stein, J.P
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.
During the course of an investigation, correction officials discovered that petitioner had conspired with his girlfriend and another individual to bring marihuana, cocaine and heroin into the correctional facility during visitation. As a consequence, petitioner was charged in a misbehavior report with smuggling, conspiring to smuggle drugs and violating facility visiting procedures. He was found guilty of the charges following a tier III disciplinary hearing and the determination was affirmed on administrative review, with a modified penalty. This CPLR article 78 proceeding ensued.
*1227 Respondent concedes, and we agree, that petitioner was not provided meaningful employee assistance and that he was prejudiced thereby. Departmental regulations require that an inmate who is confined pending a superintendent’s hearing is to be provided an assistant (see 7 NYCRR 251-4.1 [a] [4]; 254.4). The assistant’s role is to, among other things, “interview witnesses and to report the results of his [or her] efforts to the inmate” (7 NYCRR 251-4.2). The record reflects that petitioner’s girlfriend and the other individual involved provided signed written statements to correction officials and State Police investigators implicating petitioner. Although petitioner requested that his assistant interview the two women to ascertain whether their statements were truthful and voluntary and provided his assistant with a list of questions to ask them, the record reveals that no interview took place and the Hearing Officer made no attempt to remedy the deficiency when petitioner raised the issue at the disciplinary hearing. Thus, the determination must be annulled.
Petitioner further asserts that the determination should be expunged, while respondent argues that the matter should be remitted for a new hearing because this was a regulatory, not constitutional, violation. Notably, the “right to assistance is a right of constitutional dimension” (Matter of Krall v Selsky, 309 AD2d 1027, 1027 [2003] [internal quotation marks and citations omitted]) and the failure to provide assistance is a violation of 7 NYCRR 251-4.2. In this regard, our precedent is not entirely consistent, nor have we clearly articulated the appropriate factors relevant to whether expungement, rather than remittal, is warranted when a petitioner has been denied meaningful employee assistance (compare Matter of Canty v Fischer, 107 AD3d 1194, 1195 [2013], Matter of Velasco v Selsky, 211 AD2d 953, 954 [1995], and Matter of Hendricks v State of N.Y. Dept. of Correctional Servs., 165 AD2d 923, 924 [1990], with Matter of Rupnarine v Prack, 118 AD3d 1062, 1063 [2014], Matter of Vaughn v Orlando, 79 AD3d 1048, 1050 [2010], and Matter of Krall v Selsky, 309 AD2d at 1027). We have, however, held that constitutional violations related to a Hearing Officer’s failure to investigate a witness’s refusal to testify or the outright denial of the right to call a witness results in expungement (see Matter of Clark v Fischer, 114 AD3d 1116, 1117 [2014]; Matter of Whitted v New York State Dept. of Corr. Servs., 100 AD3d 1303, 1304 [2012]; Matter of Jamison v Fischer, 78 AD3d 1466, 1466 [2010]), while regulatory violations of such right do not (see Matter of Texeira v Fischer, 115 AD3d 1137, 1138 [2014], lv granted 23 NY3d 908 [2014]; Matter of Saez v Fischer, 113 AD3d 961 [2014]; Matter of Griffin v Prack, 110 AD3d 1287, 1287 *1228 [2013]; Matter of Moulton v Fischer, 100 AD3d 1131, 1131 [2012], lv dismissed 20 NY3d 1021 [2013]).
In the case before us, petitioner’s employee assistant took no steps whatsoever to interview the requested witnesses and ask the questions posed by petitioner, and this failure clearly prejudiced petitioner by impeding his ability to assert a defense to the charges. In our view, where, as here, the denial of meaningful employee assistance is absolute and without reasonable explanation, and the Hearing Officer does not attempt to remedy the deficiencies, such denial is comparable to those instances in which we have found a constitutional violation relative to the outright denial of a witness or the failure to ascertain the basis of a witness’s refusal to testify. Thus, under these circumstances, we find the denial of meaningful employee assistance to be a constitutional violation requiring expungement of all references to the matter from petitioner’s record.
Garry, Rose, Egan Jr. and Clark, JJ, concur.
Adjudged that the determination is annulled, without costs, petition granted and the Commissioner of Corrections and Community Supervision is directed to expunge all references to this matter from petitioner’s institutional record.