*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 10, 2016                    522399
_____

In the Matter of ANTHONY
    FOSTER,
                    Appellant,

        v
                                        MEMORANDUM AND ORDER

ALBERT PRACK, as Director of
    Special Housing and Inmate
    Disciplinary Programs,
    et al.,
                    Respondents.
_____

Calendar Date:  September 20, 2016

Before:  Peters, P.J., Garry, Egan Jr., Devine and Aarons, JJ.

                    _____


        Anthony Foster, Attica, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Owen Demuth
of counsel), for respondents.

                    _____


        Appeal from a judgment of the Supreme Court (Hayden, J.),
entered October 5, 2015 in Chemung County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review a determination of the Commissioner of
Corrections and Community Supervision finding petitioner guilty
of violating a prison disciplinary rule.

        Petitioner was charged in a misbehavior report with use of
a controlled substance after his urine twice tested positive for
the presence of cannabinoids.  Following a tier III disciplinary
hearing, petitioner was found guilty and that determination was
affirmed upon administrative appeal.  Petitioner commenced this
CPLR article 78 proceeding challenging the determination and,

following joinder of issue, Supreme Court dismissed the petition. This appeal ensued.

We are unpersuaded by petitioner's contention that the Hearing Officer erred in denying petitioner's request to call certain witnesses. The proffered testimony of inmate witnesses with regard to their personal experience with drug-related testing, as well as documentation in connection with another inmate's disciplinary hearing, were irrelevant as to whether petitioner was guilty of the charge (see Matter of Mullamphy v Fischer, 112 AD3d 1177, 1177 [2013]; Matter of Williams v Fischer, 73 AD3d 1364, 1365 [2010]).  Furthermore, the additional information sought regarding the authorization for the urinalysis testing was properly considered redundant given the testimony already received (see Matter of Sheppard v Bezio, 62 AD3d 1189, 1190 [2009]; Matter of Antinuche v Goord, 16 AD3d 743, 744 [2005]).  To the extent that petitioner claims that he was improperly denied the right to counsel, it is well settled that an inmate has no right to counsel during a disciplinary hearing (see Matter of Laureano v Kuhlmann, 75 NY2d 141, 146 [1990]; Matter of Jeckel v New York State Dept. of Corr., 111 AD3d 1180, 1181 [2013]).  We have reviewed petitioner's remaining contentions and find them to be without merit.

Peters, P.J., Garry, Egan Jr., Devine and Aarons, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court