■ In the Matter of Marty Humphrey, Appellant, v Donald Venettozzi, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent. [51 NYS3d 269]—

Appeal from a judgment of the Supreme Court (Collins, J.), entered March 15, 2016 in Albany County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.

During a search of petitioner's cell, a correction officer found, among other things, a sharpened piece of metal resembling an ice pick secreted in the base of a fan. As a result, petitioner was charged in a misbehavior report with various disciplinary rule violations and, following a tier III disciplinary hearing, was found guilty of possessing a weapon. The determination was thereafter affirmed on administrative appeal with a modified penalty. Petitioner then commenced this CPLR article 78 proceeding challenging the determination. Following joinder of issue, Supreme Court ruled that petitioner was denied his regulatory right to call two inmate witnesses at the hearing. Accordingly, the Court granted the petition to the extent of annulling the determination and remitted the matter for a new hearing. Petitioner now appeals.

Petitioner's sole contention is that expungement of the disciplinary determination, rather than remittal for a new hearing, is the appropriate remedy. Specifically, he contends that, in addition to being denied witnesses, he was deprived of his constitutional right to present a defense, which he sought to exercise through the submission of written statements. Petitioner's claim is belied by the disciplinary hearing transcript, which reveals that the Hearing Officer allowed petitioner to read a lengthy written statement into the record in support of his defense. As for the denial of witnesses, the Hearing Officer set forth a good faith reason based on relevancy. In view of this, and given that substantial evidence otherwise supports the disciplinary determination, Supreme Court properly remitted the matter for a new hearing (see *Matter of Hand v Gutwein*, 113 AD3d 975, 976 [2014], *lv denied* 22 NY3d 866 [2014]; *Matter of Morris-Hill v Fischer*, 104 AD3d 978, 978 [2013]).

Peters, P.J., Egan Jr., Lynch, Devine and Mulvey, JJ., concur. Ordered that the judgment is affirmed, without costs.