■ In the Matter of JACOB REYES, Petitioner, v WILLIAM KEYSER, as Superintendent of Sullivan Correctional Facility, et al., Respondents. [55 NYS3d 495]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of the Commissioner of Cor-

rections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

Following an altercation with correction officers, petitioner was charged in two misbehavior reports. In the first report, petitioner was charged with assaulting staff, engaging in violent conduct, refusing a search or frisk and possessing property in an unauthorized area. According to the first report, a correction officer was conducting a pat frisk on petitioner when petitioner began punching the officer. Petitioner was charged in the second misbehavior report with refusing a direct order, assaulting staff, refusing a search or frisk, engaging in violent conduct and interfering with staff. The second report was written by a correction officer who responded to the altercation underlying the first misbehavior report. According to this report, petitioner refused an order to stop punching the other officer and struck the responding officer in the eye with his elbow. Following a combined tier III disciplinary hearing, petitioner was found guilty of the charges of assaulting staff, engaging in violent conduct and refusing a search or frisk in both misbehavior reports, as well as the charge of refusing a direct order from the second report.* This determination was affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

Starting with the first misbehavior report, petitioner contends that he was improperly denied the right to call as a witness a correction officer who observed the pat frisk. We agree. "An inmate has a right to call witnesses at a disciplinary hearing so long as the testimony is not immaterial or redundant and poses no threat to institutional safety or correctional goals" (*Matter of Lopez v Fischer*, 100 AD3d 1069, 1070 [2012] [citations omitted]; *accord Matter of Allaway v Prack*, 139 AD3d 1203, 1204 [2016]). This report indicated that, without provocation, petitioner punched the officer conducting the frisk in the eye. Petitioner maintained that he did not assault either officer, that the officer conducting the frisk was the aggressor, grabbing petitioner's genitals during the frisk and punching him, and that both officers attacked him in retaliation for him filing a grievance against a fellow officer. The requested witness submitted a memorandum to his superior on the day of the incident stating that he observed the frisk, that

---

* Petitioner was found not guilty of the charge of interfering with staff. As to the charge of possessing property in an unauthorized area, no evidence was presented in support of this charge and the Hearing Officer made no determination as to petitioner's guilt. Accordingly, we find this charge to have been abandoned.

petitioner turned off the wall and that a struggle ensued with the correction officer. According to the memorandum, the officer called for a response team and, by the time the team arrived, both petitioner and the officer involved in the altercation were inside of petitioner's cell and out of his sight. Following the initial request for this witness at the hearing, the Hearing Officer stated that he would address the request later. Petitioner clearly requested testimony from this witness a second time and the Hearing Officer did not respond. The Hearing Officer subsequently closed the hearing without calling the witness and without providing a reason for not calling him. This witness observed the frisk and the initial altercation and therefore was material to petitioner's defense against the charges contained in the first misbehavior report. Inasmuch as an "outright denial of a witness without a stated good-faith reason, or lack of any effort to obtain a requested witness's testimony, constitutes a clear constitutional violation" (*Matter of Alvarez v Goord*, 30 AD3d 118, 121 [2006]; *accord Matter of Morris-Hill v Fischer*, 104 AD3d 978, 978 [2013]), the proper remedy is annulment of the determination as to the first misbehavior report and expungement (*see Matter of Brown v Fischer*, 76 AD3d 1132, 1133 [2010]; *Matter of Caldwell v Goord*, 34 AD3d 1173, 1174-1175 [2006]). Because a loss of good time was imposed as part of the penalty, the matter must be remitted to the Commissioner of Corrections and Community Supervision for a redetermination of the penalty on the remaining charges.

Turning to the second misbehavior report, the requested witness stated in his memorandum that he could not see into petitioner's cell. The record reflects that the altercation between the report's author and petitioner occurred inside of petitioner's cell and, therefore, was not observed by the requested witness. Accordingly, petitioner has not demonstrated how this witness's testimony is relevant to the charges related to the second report and we conclude that he was not improperly denied the right to call the witness as it relates to this report (*see Matter of Clark v Fischer*, 120 AD3d 1468, 1469 [2014], *lv denied* 24 NY3d 912 [2015]; *Matter of Gimenez v Artus*, 63 AD3d 1461, 1462 [2009]; *Matter of Borrero v Goord*, 268 AD2d 853, 854 [2000]).

Contrary to petitioner's contention, the misbehavior report, related documentary evidence and the hearing testimony provide substantial evidence to support the determination of guilt pursuant to the second misbehavior report (*see Matter of Thompson v Annucci*, 145 AD3d 1303, 1304 [2016]; *Matter of*

*Jackson v Annucci*, 144 AD3d 1285, 1285 [2016], *lv denied* 29 NY3d 907 [May 9, 2017]). As to the remaining procedural challenges, petitioner was not improperly denied documentary evidence in the form of a videotape of the incident and a list of inmates who were on the cellblock at that time. The record reflects that no such videotape existed (*see Matter of Benitez v Annucci*, 139 AD3d 1215, 1216 [2016]; *Matter of Byrd v Fischer*, 117 AD3d 1263, 1263 [2014]). As to the inmate list, petitioner requested it to identify potential witnesses. The record reflects that two inmates from the cellblock testified, including the inmate housed in the cell directly across from petitioner's cell. This witness had a clear view inside petitioner's cell and testified in support of petitioner's defense. The other inmate testified that, although he was housed across from petitioner's cell, he could not see into the cell. In our view, any additional testimony would have been redundant (*see Matter of Baxton v Annucci*, 142 AD3d 1235, 1236 [2016]; *Matter of Seymour v Goord*, 24 AD3d 831, 832 [2005], *lv denied* 6 NY3d 711 [2006]) and petitioner has not established any prejudice as a result of not being provided the inmate list (*see Matter of Alvarez v Goord*, 243 AD2d 973, 975 [1997]). Finally, petitioner was not denied witnesses regarding videotaping in the facility, as the requested testimony would be irrelevant as it involved an incident that occurred in another part of the facility that was not a subject of this hearing (*see Matter of Foster v Prack*, 144 AD3d 1287, 1287-1288 [2016]; *Matter of Mullamphy v Fischer*, 112 AD3d 1177, 1177 [2013]). Petitioner's remaining claims have been considered and found to be without merit.

Peters, P.J., Egan Jr., Lynch, Devine and Clark, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of assaulting staff, engaging in violent conduct and refusing a search or frisk as charged in the first misbehavior report and imposed a penalty; petition granted to that extent, the Commissioner of Corrections and Community Supervision is directed to expunge all references to these charges from petitioner's institutional record, and matter remitted to the Commissioner for an administrative redetermination of the penalty imposed on the remaining violations; and, as so modified, confirmed.