Matter of Getfield v Annucci (2019 NY Slip Op 04523)





Matter of Getfield v Annucci


2019 NY Slip Op 04523


Decided on June 6, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 6, 2019

527206

[*1]In the Matter of DARNELL GETFIELD, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections And Community Supervision, Respondent.

Calendar Date: April 24, 2019

Before: Lynch, J.P., Mulvey, Devine, Aarons and Rumsey, JJ.


Darnell Getfield, Dannemora, petitioner pro se.
Letitia James, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Lynch, J.P.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in two misbehavior reports with various prison disciplinary infractions. The first misbehavior report charged petitioner with fighting, engaging in violent conduct and creating a disturbance, based upon petitioner's involvement in a physical altercation with two other inmates. The second misbehavior report charged petitioner with engaging in violent conduct, making threats and refusing a direct order after petitioner, while being escorted from the infirmary, punched a window and made a verbal threat to one of the inmates involved in the earlier altercation. At the tier III disciplinary hearing that followed, petitioner pleaded guilty to fighting and not guilty to the remaining charges. The Hearing Officer thereafter found petitioner not guilty of refusing a direct order and guilty of the remaining charges, and a penalty was imposed. Although the penalty was reduced upon discretionary review, the determination was otherwise affirmed upon petitioner's administrative appeal, prompting petitioner to commence this CPLR article 78 proceeding to challenge respondent's determination.
"An inmate charged with violating a prison regulation is entitled to due process protections which include a right to call witnesses and present documentary evidence in his [or her] defense when . . . do[ing] so will not be unduly hazardous to institutional safety or correctional goals" (Matter of Henry v Fischer, 28 NY3d 1135, 1138 [2016] [internal quotation marks and citations omitted]; see Matter of Medina v Five Points Corr. Facility, 153 AD3d 1471, 1472 [2017]; Matter of Reyes v Keyser, 150 AD3d 1502, 1503 [2017]). "Violations of this right have been divided into two categories — constitutional deprivations, for which the remedy is [*2]expungement, and regulatory violations, for which the remedy is remittal for a new hearing" (Matter of Buari v Fischer, 70 AD3d 1147, 1148 [2010] [citation omitted]; see Matter of Hand v Gutwein, 113 AD3d 975, 975-976 [2014], lv denied 22 NY3d 866 [2014]; see also Matter of Moulton v Fischer, 100 AD3d 1131, 1131 [2012], lv dismissed 20 NY3d 1021 [2013]). "A hearing officer's actual outright denial of a witness without a stated good-faith reason, or lack of any effort to obtain a requested witness's testimony, constitutes a clear constitutional violation" (Matter of Alvarez v Goord, 30 AD3d 118, 121 [2006] [citations omitted]; accord Matter of Benito v Calero, 102 AD3d 778, 779 [2013]; see Matter of Reyes v Keyser, 150 AD3d at 1504). "On the other hand, where a good[-]faith reason for the denial appears on the record, this amounts to a regulatory violation requiring that the matter be remitted for a new hearing" (Matter of Morris-Hill v Fischer, 104 AD3d 978, 978 [2013] [citations omitted]; see Matter of Humphrey v Venettozzi, 149 AD3d 1435, 1436 [2017]).
The record reflects that, prior to the disciplinary hearing, petitioner asked his employee assistant to secure the testimony of three inmate witnesses — Franklin, Figueroa and Forrest. The assistance form indicates that although Forrest agreed to testify, the remaining two inmates refused. At the disciplinary hearing, the Hearing Officer advised petitioner that, because Franklin and Figueroa had been requested as witnesses prior to the start of the hearing, neither a witness refusal form nor an explanation for their refusal to testify was required. Specifically, the Hearing Officer explained that "when it comes to assistance . . . they only ask you yes or no, there are no witness forms required." The Hearing Officer further explained, "If you ask for [an] additional witness that is not on this list and that person says no[,] I don't want to testify[,] then a form would have to be done in that instance" (emphasis added). In response, petitioner indicated that he wished to call additional witnesses, but did not again request Franklin or Figueroa.
Respondent concedes that the Hearing Officer's explanation incorrectly suggested that petitioner could request additional witnesses but not the two who had already refused. This error was significant as petitioner could still have requested Franklin and Figueroa and, if they again refused, a refusal form or explanation would have been required (see Matter of Alvarez v Goord, 30 AD3d at 121). We do not, however, consider the Hearing Officer's explanation to have been made in bad faith. The misstatement falls within the realm of a regulatory violation, not one of constitutional magnitude. Accordingly, we annul the determination and remit the matter for a new hearing.
Mulvey, Devine, Aarons and Rumsey, JJ., concur.
ADJUDGED that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.