In the Matter of DWIGHT MITCHELL, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [813 NYS2d 278]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

After petitioner's urine sample twice tested positive for the presence of marihuana, he was charged in a misbehavior report with violating the prison disciplinary rule prohibiting the unauthorized use of a controlled substance. Petitioner was found

guilty of the charge following the disciplinary hearing and, with the exception of a modification to the penalty imposed, the determination of guilt was upheld on administrative appeal. This CPLR article 78 proceeding ensued.

Initially, we note that petitioner's contention that the hearing was untimely commenced was not raised either at the hearing or on administrative appeal and, therefore, it is unpreserved for our review (*see Matter of Gonzalez v Goord*, 24 AD3d 836 [2005]). Next, we are unpersuaded by petitioner's contention that the evidence pertaining to the chain of custody of his urine sample was deficient. Although petitioner's urine sample was not placed in the freezer for approximately two hours after it was collected, the correction officer who obtained the sample testified that it remained in his custody as he collected urine samples from other inmates before placing all of the specimens in the freezer. That testimony and the completed chain of custody portion of the request for urinalysis form establish a secure chain of custody of petitioner's urine sample and there is no evidence that the sample was tampered with or confused with another urine specimen (*see Matter of Pollard v Goord*, 18 AD3d 1041, 1042 [2005]).

We do, however, find merit in petitioner's contention that his request for the daily worksheet and daily log was improperly denied. During the hearing, petitioner challenged the integrity of the calibration rates and identification of the reagents used during testing. Testimony at the hearing established the significance of using chemical reagents with the same lot number in order for the test results to be accurate and that such information was readily available on the daily worksheet and daily log. Nevertheless, petitioner's requests for access to these items was not granted. Inasmuch as information concerning the relevant lot numbers could not be gleaned from any other documents in the record and was relevant to petitioner's defense of whether proper testing procedures were followed, we cannot say that this denial was inconsequential (*compare Matter of Falero v Goord*, 253 AD2d 913, 914 [1998]). Accordingly, the proper remedy is remittal for a new hearing (*see Matter of Sanchez v Hoke*, 116 AD2d 965, 966 [1986]; *see also Matter of Hillard v Coughlin*, 187 AD2d 136, 140 [1993], *lv denied* 82 NY2d 651 [1993]).

Petitioner's remaining contentions are either without merit or rendered academic in light of the above disposition.

Cardona, P.J., Mercure, Crew III, Peters and Carpinello, JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.