In the Matter of LEONARD TELESCO, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [815 NYS2d 780]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

After petitioner failed to provide a urine specimen for urinalysis testing within the three-hour time period allotted, he was charged in a misbehavior report with failing to comply with urinalysis testing procedures. He was found guilty of the charge at the conclusion of a tier III disciplinary hearing and the determination was upheld on administrative appeal with a modified penalty. This CPLR article 78 proceeding ensued.

Petitioner contends that he was unable to provide a urine specimen because he suffers from an enlarged prostate and that, therefore, the determination is not supported by substantial evidence. We find this argument unpersuasive. A nurse familiar with petitioner's medical condition testified that, although petitioner's enlarged prostate affected the flow of urination, it did not prevent him from being able to produce the small sample of urine needed for testing. This testimony, together with the misbehavior report and testimony of the correction officer who authored it, provide substantial evidence supporting the determination (*see Matter of Levy v Goord*, 22 AD3d 929 [2005]; *Matter of Infante v Selsky*, 21 AD3d 633, 634 [2005]). In addition, we find no merit to petitioner's remaining claims, including his assertion that he was improperly denied the right to call another nurse as a witness as he never made such a request at the hearing and, in any event, such testimony would have been redundant in light of the other evidence presented (*see Matter of Kavazanjian v Goord*, 264 AD2d 886, 886 [1999]).

Mercure, J.P., Spain, Carpinello, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.