■ In the Matter of Moses Sundhe, Petitioner, v Glenn S. Goord, as Commissioner of New York State Department of Correctional Services, Respondent. [845 NYS2d 670]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Seneca County [Dennis F. Bender, A.J.], entered April 27, 2007) to review a determination of respondent. The determination found after a tier III hearing that petitioner violated an inmate rule.

It is hereby ordered that the determination be and the same hereby is unanimously annulled on the law without costs and the matter is remitted to respondent for a new hearing.

Memorandum: Petitioner commenced this CPLR article 78 proceeding challenging the determination that he violated inmate rule 113.24 (7 NYCRR 270.2 [B] [14] [xiv]), which prohibits the unauthorized use of a controlled substance. Petitioner's urine sample had twice tested positive for the presence of marihuana.

We note at the outset that the determination is supported by substantial evidence (*see generally People ex rel. Vega v Smith*, 66 NY2d 130, 139 [1985]). We agree with petitioner, however, that his ability to present a defense both at the hearing and on his administrative appeal was compromised because he was unaware at the time of the hearing that one of the forms received by petitioner had an inmate number different from the one on the form received by the Hearing Officer. That form concerned the chain of custody for one of the drug tests at issue, and the discrepancy affected petitioner's ability to raise a defense concerning the chain of custody and a defense that, because there was a discrepancy in one of the forms, the reliability of the other forms was called into question as well. Because we cannot conclude that the discrepancy "was inconsequential" (*Matter of Mitchell v Goord*, 28 AD3d 1039, 1040 [2006]), we annul the determination and remit the matter to respondent for a new hearing.

Petitioner's remaining contentions are without merit or are academic in light of our determination. Present—Gorski, J.P., Smith, Centra, Lunn and Peradotto, JJ.