■ In the Matter of KEITH TOWNES, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [890 NYS2d 708]—

Petitioner was charged in a misbehavior report with using a controlled substance after a sample of his urine twice tested positive for the presence of cannabinoids. He was found guilty

following a tier III disciplinary hearing. The determination was affirmed on administrative appeal, with a modified penalty. This CPLR article 78 proceeding ensued.

Contrary to petitioner's claim, the chain of custody of the specimen was properly established through the testing forms and the testimony of two correction officers who handled the sample (*see Matter of White v Selsky*, 32 AD3d 1101, 1101 [2006]).

Petitioner was improperly deprived of a relevant witness. The main defense was that his medication regimen, specifically large amounts of ibuprofen, produced a false positive test result. The correction officer who conducted the test testified that ibuprofen would not produce a false positive, and a nurse administrator who reviewed petitioner's other medications testified that they would not produce such a result, but the record does not reveal whether these individuals were qualified to render such opinions. Petitioner requested the testimony of his treating physician, who was familiar with petitioner's medications and allegedly agreed to testify that ibuprofen could produce a false positive. The Hearing Officer improperly denied this requested witness as redundant (*see Matter of Dawes v Selsky*, 286 AD2d 806, 807-808 [2001]; *Matter of Gonzalez v Mann*, 186 AD2d 326 [1992]; *Matter of Torres v Coughlin*, 166 AD2d 793, 793-794 [1990]). As the witness's testimony apparently would not have been redundant and could have affected the outcome, we annul the determination and remit for further proceedings.

Cardona, P.J., Spain, Kane, Malone Jr. and Stein, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.