■ In the Matter of JESSE SHANNON, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [900 NYS2d 690]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

---

After a sample of his urine tested positive for the presence of THC, petitioner, a prison inmate, received a misbehavior report charging him with the use of a controlled substance. Following a tier III disciplinary hearing, he was found guilty and that determination was upheld on administrative appeal, prompting petitioner to commence this CPLR article 78 proceeding.

We confirm. The misbehavior report, the positive urinalysis test and related documentation, and the testimony of the correction officer who tested the urine sample provide substantial evidence to support the determination of petitioner's guilt (*see Matter of Duffy v Fischer*, 69 AD3d 1073, 1074 [2010]; *Matter of Frye v Commissioner of Correctional Servs.*, 69 AD3d 1074, 1074 [2010]). Contrary to petitioner's contention, the chain of custody of the sample was properly established through the testing forms and the hearing testimony (*see* 7 NYCRR 1020.4 [e] [1] [i]; *Matter of Townes v Fischer*, 68 AD3d 1294, 1295 [2009]). Furthermore, the incorrect time for the first positive test on the request for urinalysis form was apparently a clerical error and did not implicate the validity of the results, inasmuch as the correct time was reflected in the misbehavior report, the urinalysis procedure form and the printed results of the first test (*see Matter of Vargas v Bezio*, 69 AD3d 1075 [2010]).

Petitioner's procedural objections regarding the conduct of the hearing are unpreserved for our review, inasmuch as he failed to raise them at the hearing (*see Matter of Bosquet v Bezio*, 69 AD3d 1257, 1258 [2010]; *Matter of Terrence v Fischer*, 64 AD3d 1110, 1111 [2009]). His remaining substantive contentions have been examined and found to be without merit.

Peters, J.P., Spain, Rose, Stein and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.