■ In the Matter of JAMES BELLAMY, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, et al., Respondents. [930 NYS2d 293]—

As the result of an investigation that entailed a mail watch, an investigator obtained information that petitioner was conspiring with others to introduce narcotics into the correctional facility and was also sending gang-related correspondence out of the facility. Consequently, he was charged in a misbehavior report with smuggling, conspiring to possess drugs, violating facility correspondence procedures and possessing

gang-related materials. Following a tier III disciplinary hearing, he was found guilty of the charges. The determination was later affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

Petitioner contends, among other things, that he was denied adequate employee assistance because his assistant failed to provide him with a list of documents and items he requested. Petitioner raised this issue at the disciplinary hearing and provided the Hearing Officer with the list. The Hearing Officer did not appoint a new assistant and reserved decision on petitioner's request. At the conclusion of the hearing, after petitioner had already been removed for disruptive behavior, the Hearing Officer noted that certain documents requested by petitioner, namely, the contraband log, to/from forms and the unusual incident report, did not exist. He did not, however, address the multitude of other items and documents on the list. On the record before us, we cannot conclude that such items were all either confidential or nonexistent (*compare Matter of Antinuche v Goord*, 16 AD3d 743, 744 [2005]) or that petitioner was not prejudiced in his defense by their absence (*compare Matter of Martinez v Selsky*, 53 AD3d 989 [2008]). Moreover, the Hearing Officer did not cure any inadequacies in the assistance by obtaining the requested materials and adjourning the hearing to give petitioner an opportunity to review them (*compare Matter of Lovett v Goord*, 26 AD3d 563, 564 [2006]). Accordingly, under the particular circumstances presented, we find that a new hearing is necessary (*see generally Matter of Krall v Selsky*, 309 AD2d 1027 [2003]; *Matter of Avincola v Goord*, 283 AD2d 748 [2001]). In view of our disposition, we need not address petitioner's remaining claims.

Spain, J.P., Rose, Kavanagh, Garry and Egan Jr., JJ., concur. Adjudged that the determination is annulled, without costs, petition granted, and matter remitted to respondent Commissioner of Correctional Services for further proceedings not inconsistent with this Court's decision.