In the Matter of Louis BARONE, Petitioner, v ALBERT PRACK, as Acting Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents. [937 NYS2d 477]—

Petitioner's defense to the charges was that certain medication prescribed by his physician caused him to have difficulty urinating and rendered him incapable of providing a urine specimen. His sole contention in the instant proceeding is that he was improperly denied the right to call his physician to testify

to this effect at the hearing. Based upon our review of the record, we agree. The only medical witness to testify at the hearing was the facility nurse administrator who acknowledged that difficulty urinating was a side effect of the medication, but noted that petitioner's medical records did not reveal that he had made such a complaint until after the misbehavior report was written. It is clear from her testimony, however, that she was not personally familiar with petitioner's medical condition or the medication he was taking, and her knowledge of the side effects of the medication was gleaned from reading the package insert. On this record, we are not convinced that the nurse administrator was qualified to provide a medical opinion or that the physician's testimony would have been redundant (*see Matter of Townes v Fischer*, 68 AD3d 1294, 1295 [2009]). Therefore, the determination must be annulled and the matter remitted for further proceedings.

Peters, J.P., Lahtinen, Stein, Garry and Egan Jr., JJ., concur. Adjudged that the determination is annulled, without costs, petition granted, and matter remitted to the Commissioner of Corrections and Community Supervision for further proceedings not inconsistent with this Court's decision.