■ In the Matter of CORY CALDWELL, Petitioner, v DAVID ROCK, as Superintendent of Upstate Correctional Facility, et al., Respondents. [940 NYS2d 688]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged in a misbehavior report with engaging in sexual acts, violating visiting room procedures and refusing a direct order after he was observed by a correction officer touching and being touched in the groin area by a visitor after he had been given a direct order to refrain from such activity. He was found guilty of all charges following a tier III disciplinary hearing and that determination was affirmed upon administrative appeal. Petitioner thereafter commenced this CPLR article 78 proceeding.

Petitioner contends, among other things, that he was denied the right to introduce his visitor's card as documentary evidence. Pursuant to the regulations, before a visit is terminated, a verbal warning must be issued to the visitor and the inmate that the objectionable behavior is prohibited and that failure to cease will result in termination of the visit, and such warning must be noted on the visitor's card (see 7 NYCRR 200.5 [a] [1] [ii]). In addition, a record of all penalties imposed must be recorded on the visitor's card (see 7 NYCRR 200.5 [e] [1]). Here, the Hearing Officer did not address the request to have the visitor's card introduced and, because we cannot say on this record that such omission did not prejudice petitioner's defense, the determination must be annulled (see Matter of Bellamy v Fischer, 87 AD3d 1217, 1218 [2011]; Matter of Cooks v Prack, 87 AD3d 1199, 1200 [2011]). However, as substantial evidence existed to otherwise support the determination, we find that a new hearing is appropriate (see Matter of Cooks v Prack, 87 AD3d at 1200; Matter of Mitchell v Goord, 28 AD3d 1039, 1040 [2006]). In light of our disposition, petitioner's remaining claims need not be addressed.

Peters, J.P., Lahtinen, Malone Jr., McCarthy and Egan Jr., JJ.,

concur. Adjudged that the determination is annulled, without costs, petition granted, and matter remitted to respondent Commissioner of Corrections and Community Supervision for further proceedings not inconsistent with this Court's decision.