In the Matter of SPENCER ROGERS, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [947 NYS2d 222]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with violating urinalysis testing procedures after he failed to produce a urine sample within the time allotted despite being provided with water to drink during the relevant period. Following a tier III disciplinary hearing, petitioner was found guilty of the charge, and the determination was affirmed upon administrative appeal. Petitioner then commenced this CPLR article 78 proceeding to annul the underlying determination.

Petitioner concedes, and the misbehavior report confirms, that he failed to produce a urine sample within the three-hour window. To the extent that petitioner contended that he was unable to comply due to underlying kidney problems and certain medication that he was taking, both of the facility nurses who testified at the hearing disputed petitioner's claim that the medication in question impeded his ability to urinate, and one of the nurses indicated that petitioner's blood work during the relevant time period revealed that his renal function was normal. This conflicting testimony presented a credibility issue for the Hearing Officer to resolve (*see Matter of Genis v New*

*York State Dept. of Correctional Servs.*, 80 AD3d 1032, 1033 [2011]).

Petitioner also asserted, however, that a recent illness caused him to be dehydrated, thus explaining his inability to provide a urine sample approximately 24 hours after being discharged from the facility infirmary. On this latter point, one of the nurses confirmed that petitioner had been admitted to the facility infirmary, where he ran a fever of "100+" degrees for "a couple of days," and acknowledged that his limited fluid intake during that time period would have affected his ability to provide a urine sample. The record also confirms that petitioner indeed was asked to provide a urine sample the day after his release from the infirmary. Under these circumstances, we cannot say that respondent's determination is supported by substantial evidence in the record as a whole (*compare Matter of Moreno v Goord*, 30 AD3d 708, 709 [2006]; *Matter of Shun Zhong v Selsky*, 307 AD2d 498, 499 [2003]; *Matter of Cruz v Goord*, 302 AD2d 816, 816 [2003])—particularly given the significant gaps in the nurses' testimony. As the record reflects that petitioner has served his administrative penalty, the appropriate remedy is expungement (*see Matter of Walker v Goord*, 262 AD2d 742, 742 [1999]). Petitioner's remaining contentions, to the extent that they are properly before us, have been examined and found to be lacking in merit.

Lahtinen, J.P., Spain, McCarthy, Garry and Egan Jr., JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and respondent is directed to expunge all references to this matter from petitioner's institutional record.