Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.
Following a tier III disciplinary hearing, petitioner was found guilty of engaging in violent conduct, creating a disturbance, two counts of assaulting staff, two counts of refusing a direct order, interfering with an employee, being out of place and violating facility movement regulations. The determination was upheld upon petitioner’s administrative appeal and this CPLR article 78 proceeding challenging that determination ensued.*
We agree with petitioner that his conditional right to call witnesses was violated at the hearing (see Matter of Barnes v LeFevre, 69 NY2d 649, 650 [1986]; Matter of Hill v Selsky, 19 AD3d 64, 66 [2005]). First, although the employee assistant form shows that petitioner requested that at least five inmates testify at the hearing, the Hearing Officer neither conducted an *777 inquiry nor advised petitioner of the reasons that two of those inmates refused to testify, as was required. The record reflects that when petitioner inquired about those two witnesses at the hearing, the Hearing Officer simply informed petitioner that they refiised to testify. However, the Hearing Officer made “no inquiry at all into the reason[s]” those inmates refused to testify (Matter of Hill v Selsky, 19 AD3d at 66), petitioner was not given inmate refusal forms, and his employee assistant was not called to testify regarding the inmates’ refusals to testify.
In addition to the inmates that petitioner identified to his assistant, at the hearing he requested the testimony of inmates who were in specific cell locations near the location of the incident; although he did not know their names, he gave the Hearing Officer specific cell numbers. There is no indication on this record that any effort was made by the Hearing Officer to either identify those inmates or inquire as to their willingness to testify, nor does the record reflect that the Hearing Officer provided petitioner with any reason for denying the testimony of those inmates.
Under these circumstances, the Hearing Officer’s actions deprived petitioner of his right to call witnesses and require expungement, rather than remittal (see Matter of Moye v Fischer, 93 AD3d 1006, 1007 [2012]; Matter of Jamison v Fischer, 78 AD3d 1466 [2010]). In addition, petitioner is entitled to the restoration of any good time lost as a result of the disciplinary determination (see Matter of Barnes v LeFevre, 69 NY2d at 650). In light of the foregoing, we need not address petitioner’s remaining contentions.
Mercure, J.P., Spain, Malone Jr., McCarthy and Garry, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and respondent is directed to expunge all references to this matter from petitioner’s institutional record and to restore any good time taken as a result thereof.

 Inasmuch as the petition did not raise a question of substantial evidence, the proceeding was improperly transferred to this Court. Nonetheless, in the interest of judicial economy, we retain jurisdiction and address the merits of petitioner’s claims (see Matter of Barone v Prack, 92 AD3d 999, 999 n [2012]).