Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a disciplinary rule.
Petitioner, an inmate, was found guilty of violating a disciplinary rule prohibiting possession of gang-related material. The misbehavior report states that during a search of petitioner’s property upon his transfer from another facility, a photograph showing a gang-related hand gesture, 12 pages of material containing language consistent with a gang and two envelopes with names associated with a gang were confiscated. Contrary to petitioner’s contentions, the misbehavior report, the seized material and the testimony of a sergeant and a correction officer who were both trained in recognizing gang-related material constitute substantial evidence supporting the determination (see Matter of Flournoy v Bezio, 84 AD3d 1636, 1637 [2011]; Matter of Wheeler-Whichard v Fischer, 69 AD3d 1286, 1286 [2010]). Although petitioner asserts that the photograph and other materials had been reviewed and found to be unobjectionable by the facility from which he transferred, the material is nonetheless prohibited by the prison disciplinary rule (see Matter of Arrington v Venettozzi, 87 AD3d 1215, 1215-1216 [2011]; Matter of Delos Santos v Goord, 4 AD3d 709, 710 [2004]). Finally, a correction officer at petitioner’s former facility provided a statement disputing his claim that he never received the revised rule book containing the rule of which he was found guilty, creating a credibility question that the Hearing Officer was entitled to resolve against petitioner (see Matter of Rogers v Fischer, 96 AD3d 1318, 1318-1319 [2012]).
*1315 Mercure, J.P., Rose, Malone Jr., Kavanagh and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.