■ In the Matter of LARRY GROSS, Petitioner, v BRUCE S. YELICH, as Superintendent of Bare Hill Correctional Facility, Respondent. [956 NYS2d 283]—

During a disciplinary hearing, an inmate "may call witnesses on his [or her] behalf provided their testimony is material, is not redundant, and doing so does not jeopardize institutional safety or correction goals" (7 NYCRR 254.5 [a]). Petitioner requested the testimony of the cook to whom the correction officer turned over the packet of Kool-Aid that he allegedly found during the frisk of petitioner. The Hearing Officer denied this witness, indicating that her testimony was irrelevant because she was not present during the frisk of petitioner and would merely testify that she had been given a packet of Kool-Aid and disposed of it. However, it is possible that the witness would testify that she did not receive a packet of Kool-Aid from the officer at the date and time alleged, thereby supporting petitioner's claim of innocence. As such, we find that the witness could have provided relevant testimony and the denial of the witness based upon speculation as to what her testimony would be was error (see Matter of Tafari v Selsky, 76 AD3d 1123, 1124 [2010], lv dismissed 16 NY3d 783 [2011]; Matter of Taylor v Coughlin, 158 AD2d 881, 883 [1990]; Matter of Wong v Coughlin, 137 AD2d 272, 273-274 [1988]). Because the Hearing Officer put forth a good faith reason for the denial, the proper remedy is remittal for a new hearing (see Matter of Tafari v Selsky, 76 AD3d at 1124; Matter of Roberson v Bezio, 70 AD3d 1226, 1227 [2010], lv denied 14 NY3d 714 [2010]; compare Matter of Caldwell v Goord, 34 AD3d 1173, 1175 [2006]). In light of this conclusion, it is not necessary to review petitioner's remaining contentions.

Rose, J.P., Lahtinen, Kavanagh, Stein and Egan Jr., JJ.,

concur. Adjudged that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.