Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.
Petitioner, a prison inmate, became verbally abusive toward a correction officer who directed him to submit his property for an inspection before moving it. When the inspection was conducted, an altered hotpot was found among petitioner’s belongings. Thereafter, petitioner was charged in a misbehavior report with creating a disturbance, possession of an altered item, harassment and refusing a direct order. Following a tier III disciplinary hearing, petitioner was found guilty as charged. Upon administrative appeal, the determination was modified to reduce the penalty imposed, and petitioner thereafter commenced this CPLR article 78 proceeding.
We agree with petitioner that he was improperly denied access to relevant evidence. Petitioner requested copies of any “to/ from” forms related to the incident and, despite the fact that one of the correction officers testified to giving his account of the events at issue in such a form, the Hearing Officer declined to provide petitioner a copy. Inasmuch as that document could have been relevant to formulating petitioner’s defense and effectuating his questioning of the officer, the determination must be annulled (see Matter of Caldwell v Rock, 93 AD3d 1048, 1048 [2012]; Matter of Cooks v Prack, 87 AD3d 1199, 1200 [2011]). Respondent concedes that the charge of creating a disturbance *1296 cannot be sustained, but, because substantial evidence existed to support the remaining charges, we remit this matter for a new hearing upon them (see id.).
Peters, P.J., Rose, Lahtinen and McCarthy, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted, and matter remitted to respondent for further proceedings not inconsistent with this Court’s decision.