■ In the Matter of JOSEPH GALLAGHER, Appellant, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [967 NYS2d 787]—

Appeal from a judgment of the Supreme Court (Hayden, J.), entered March 13, 2012 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged with forging a document, providing false information, unauthorized exchange and altering personal property in violation of prison disciplinary rules. The charges arose out of an investigation conducted by correction officers at Southport Correctional Facility after petitioner submitted a claim for missing property upon his arrival from Franklin Correctional Facility, which revealed that some of the items claimed to be missing had been sold by petitioner to another inmate. Following a tier III disciplinary hearing, petitioner was found guilty of all of the charges. Petitioner thereafter commenced this CPLR article 78 proceeding. Supreme Court dismissed the proceeding and petitioner now appeals.

Petitioner argues that he was improperly denied the opportunity to submit documentary evidence consisting of the commissary records of the inmate to whom he was alleged to have sold the items. Inasmuch as the record before us fails to include any explanation for the denial of the requested evidence, which may have prejudiced his defense, and is incomplete in that it does not include the confidential testimony taken and relied upon by the Hearing Officer in reaching the determination, we are unable to undertake meaningful review (*see Matter of Medina v New York State Dept. of Corr. Servs.*, 104 AD3d 976, 977 [2013], *lv denied* 21 NY3d 859 [2013]; *see also Matter of Roach v Goord*, 46 AD3d 988, 989 [2007]). Accordingly, the de-

termination must be annulled and the matter remitted for a new hearing (*see Matter of Medina v New York State Dept. of Corr. Servs.*, 104 AD3d at 977; *Matter of Caldwell v Rock*, 93 AD3d 1048, 1048 [2012]; *Matter of Bellamy v Fischer*, 87 AD3d 1217, 1218 [2011]).

Rose, J.P., Stein, Spain and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, petition granted, determination annulled and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.