*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 3, 2016                    520707
_____

In the Matter of THEODORE
    KATSANOS,
                        Petitioner,

            v                                    MEMORANDUM  AND  JUDGMENT

ALBERT PRACK, as Director of
    Special Housing and Inmate
    Disciplinary Programs,
                        Respondent.
_____

Calendar Date:  January 19, 2016

Before:  Egan Jr., J.P., Rose, Lynch and Devine, JJ.

_____

        Theodore Katsanos, Hudson, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.

        Petitioner was ordered to provide a urine sample for testing, but failed to do so despite being given eight ounces of water each hour for a three-hour period.  As a result, he was charged in a misbehavior report with refusing a direct order and failing to comply with urinalysis testing procedures.  Following a tier III disciplinary hearing, he was found guilty of failing to comply with urinalysis testing procedures.  The determination was later affirmed on administrative appeal and this CPLR article

78 proceeding ensued.

Petitioner contends, among other things, that he was unable to provide a urine sample because he suffers from shy bladder syndrome and that, consequently, he should not have been found guilty of refusing to comply with urinalysis testing procedures. He informed the Hearing Officer of his medical condition during the hearing and also provided medical documentation establishing that he had problems providing urine specimens in the past due to this condition. The Hearing Officer downplayed the significance of petitioner's medical condition and did not consider the medical documentation submitted even though it was sent prior to the conclusion of the hearing. The only evidence that the Hearing Officer considered was the misbehavior report and the request for urinalysis form. The request for urinalysis form indicated that petitioner did not willfully refuse to submit the specimen, but also stated that petitioner did not claim to be unable to submit the specimen in the presence of others. Given this inconsistency in the request for urinalysis form, the absence of any testimony concerning the administration of the urinalysis test or petitioner's medical condition and the Hearing Officer's failure to consider the medical documentation submitted, we find that the determination at issue is not supported by substantial evidence (see Matter of Collins v Fischer, 109 AD3d 1040, 1040-1041 [2013], lv dismissed 23 NY3d 954 [2013]; Matter of Rogers v Fischer, 96 AD3d 1318, 1319 [2012]; Matter of Barone v Prack, 92 AD3d 999, 999-1000 [2012]; compare Matter of Sterling v Fischer, 75 AD3d 709 [2010]; Matter of Capocetta v Fischer, 72 AD3d 1377, 1378 [2010], lv denied 15 NY3d 706 [2010]). Inasmuch as petitioner has already served his administrative penalty, the proper remedy is expungement (see Matter of Rogers v Fischer, 96 AD3d at 1319). In view of our disposition, we need not address petitioner's remaining contentions.

Egan Jr., J.P., Rose, Lynch and Devine, JJ., concur.

ADJUDGED that the determination is annulled, without costs, petition granted and the Commissioner of Corrections and Community Supervision is directed to expunge all references to this matter from petitioner's institutional record.


ENTER:

Robert D. Mayberger
Clerk of the Court