*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 12, 2016                    521178
_____

In the Matter of WABERLY
    ALLAWAY,
                        Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

ALBERT PRACK, as Director of
    Special Housing and Inmate
    Disciplinary Programs,
                        Respondent.
_____

Calendar Date:  March 29, 2016

Before:  Peters, P.J., Garry, Rose, Devine and Aarons, JJ.

                        _____


        Waberly Allaway, Attica, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondent.

                        _____


        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of the Commissioner of Corrections and
Community Supervision finding petitioner guilty of violating
certain prison disciplinary rules.

        Petitioner was charged in a misbehavior report with
fighting, violent conduct, creating a disturbance and refusing a
direct order as the result of an altercation with another inmate.
Following a tier III disciplinary hearing, he was found guilty as
charged, and that determination was affirmed upon administrative
appeal with a modified penalty.  This CPLR article 78 proceeding

ensued.[1]

Petitioner contends that he was improperly denied the right to call certain witnesses. We agree. "An inmate has a right to call witnesses at a disciplinary hearing so long as the testimony is not immaterial or redundant and poses no threat to institutional safety or correctional goals" (Matter of Lopez v Fischer, 100 AD3d 1069, 1070 [2012] [citations omitted]; see Matter of Delgado v Fischer, 100 AD3d 1171, 1172 [2012]). At the hearing, petitioner requested the testimony of two fellow inmates. He did not know the inmates' names, but identified them by their nicknames and each of the cell blocks in which they were housed. Although the Hearing Officer made a phone call in an effort to locate one of these inmates, he made no effort to locate the other one, stating that petitioner did not provide him with enough information. Although petitioner's description of the requested witnesses was limited, in our view it was sufficiently detailed in that an attempt to locate them would not have been overly burdensome. Accordingly, the Hearing Officer's failure to make a reasonable effort to locate the inmates violated petitioner's right to call witnesses (see Matter of Samuels v Fischer, 98 AD3d 776, 777 [2012]; Matter of Alvarez v Goord, 30 AD3d 118, 121 [2006]; People ex rel. Cooper v Smith, 115 Misc 2d 689, 689-690 [1982]; cf. Matter of Jones v Bellamy, 80 AD3d 1029, 1030 [2011]; Matter of Davila v Selsky, 48 AD3d 846, 847 [2008]; Matter of Rodriguez v Coombe, 239 AD2d 854, 854-855 [1997], appeal dismissed 91 NY2d 907 [1998]).

We reject respondent's contention that any error by the Hearing Officer in not attempting to locate the witnesses was harmless because the requested testimony would have been redundant in light of the hearing testimony of another inmate witness. Although the testifying witness supported petitioner's contention that he was not the aggressor in the fight but acted

---

[1] Although the petition raised the issue of substantial evidence and the matter was properly transferred to this Court, petitioner has abandoned that issue by not addressing it in his brief (see Matter of Davila v Prack, 113 AD3d 978, 978 n [2014], lv denied 23 NY3d 904 [2014]).

in self-defense, petitioner also questioned the witness extensively regarding whether petitioner refused a direct order. The witness's testimony regarding that charge was equivocal, stating that petitioner was initially cooperative, but that he "didn't see everything" when the correction officers broke up the fight. Under these circumstances, we cannot conclude that the testimony of the other witnesses would necessarily have been redundant (see Matter of Williams v Annucci, 137 AD3d 1355, 1356 [2016]; Matter of Gross v Yelich, 101 AD3d 1298, 1298 [2012]). Given that the Hearing Officer articulated a good-faith reason for denying the witnesses and for his lack of effort in locating them, we find that petitioner's regulatory right to call witnesses was violated and not his constitutional right, and remittal for a new hearing is the proper remedy (see Matter of Texeira v Fischer, 115 AD3d 1137, 1138 [2014], affd 26 NY3d 230 [2015]; Matter of Morris-Hill v Fischer, 104 AD3d 978, 978-979 [2013]). Petitioner's remaining claim is rendered academic in light of the foregoing.

Peters, P.J., Garry, Rose, Devine and Aarons, JJ., concur.


ADJUDGED that the determination is annulled, without costs, and matter remitted to the Commissioner of Corrections and Community Supervision for further proceedings not inconsistent with this Court's decision.



ENTER:

Robert D. Mayberger
Clerk of the Court