*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 1, 2016          522718
_____

In the Matter of MARCUS
    TELESFORD,
                    Petitioner,

        v

ANTHONY J. ANNUCCI, as Acting          MEMORANDUM AND JUDGMENT
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____

Calendar Date:  October 25, 2016

Before:  Peters, P.J., McCarthy, Garry, Egan Jr. and Lynch, JJ.

                    _____

        Marcus Telesford, Malone, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Frank Brady of counsel), for respondent.

                    _____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Superintendent of Great Meadow Correctional Facility finding petitioner guilty of violating certain prison disciplinary rules.

        Petitioner was charged in a misbehavior report with harassment, making threats and violating facility correspondence procedures stemming from a letter he wrote in response to a letter from a grievance supervisor.  Following a tier II disciplinary hearing, petitioner was found guilty of harassment and violating facility correspondence procedures.  The determination was affirmed upon administrative appeal, and this CPLR article 78 proceeding ensued.

Initially, respondent concedes, and we agree, that substantial evidence does not support the finding that petitioner was guilty of violating facility correspondence procedures. Turning to the merits, petitioner asserts that he was improperly denied the right to present documentary evidence in support of his defense, an issue that, contrary to respondent's contention, we find preserved for our review. The record establishes that when petitioner informed the Hearing Officer that he had documentary evidence, albeit not with him at that time, that would support his defense of retaliation, the Hearing Officer adjourned the hearing without addressing the issue of the documentary evidence and, immediately upon recommencement of the hearing, rendered the determination of guilt. Because the documentary evidence was relevant to petitioner's exculpatory explanation regarding the content of the letter that formed the basis of the misbehavior report, as well as to his defense of retaliation, and because we cannot say that petitioner was not prejudiced by the omission of the documents, the determination must be annulled (see Matter of Caldwell v Rock, 93 AD3d 1048, 1048 [2012]; Matter of Bellamy v Fischer, 87 AD3d 1217, 1218 [2011]; compare Matter of Mulcahy v Selsky, 295 AD2d 663, 663-664 [2002]). Such error requires that the matter be remitted for a new hearing with regard to the charge of harassment (see Matter of Cooks v Prack, 87 AD3d 1199, 1200 [2011]; Matter of Taylor v Coughlin, 190 AD2d 900, 902 [1993], lv denied 82 NY2d 651 [1993]). In view of the foregoing, petitioner's remaining contentions need not be addressed.

Peters, P.J., McCarthy, Garry, Egan Jr. and Lynch, JJ., concur.

ADJUDGED that the determination is annulled, without costs, and matter remitted to the Superintendent of Great Meadow Correctional Facility for further proceedings not inconsistent with this Court's decision.


ENTER:

Robert D. Mayberger
Clerk of the Court