## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  December 15, 2016                    523206
_____

In the Matter of WAYNE
   McFARLANE,
                        Petitioner,

        v
                                          MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
   Commissioner of Corrections
   and Community Supervision,
                        Respondent.
_____

Calendar Date:  October 25, 2016

Before:  Peters, P.J., Garry, Egan Jr., Clark and Mulvey, JJ.

                        _____

        Wayne McFarlane, Coxsackie, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

                        _____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

        After petitioner concluded a visit with his son, he was strip frisked and a correction officer noticed a foreign substance in his rectal area.  As a result, petitioner was placed on a contraband watch and the correction officer observing him saw him suspiciously move his hand around his groin area, place an unknown item on his food tray and mix it with food.  The officer retrieved the tray and noticed a green leafy substance, which had a strong odor of marihuana, mixed into the food.  The officer then recovered a ripped plastic bag, two clear plastic

bags containing a green leafy substance and a clear plastic bag containing a brown chunky substance from the food tray. The contents of the plastic bags later tested positive for marihuana and heroin. The correction officer who observed the contraband watch prepared a misbehavior report charging petitioner with smuggling and possessing a controlled substance. Following a tier III disciplinary hearing, he was found guilty of the charges. The determination was later upheld on administrative appeal with a modified penalty and this CPLR article 78 proceeding ensued.

Petitioner contends, among other things, that he was improperly denied the right to call as a witness an inmate who allegedly overheard a conversation between petitioner and the author of the misbehavior report establishing that the author lied about seeing petitioner place drugs on the food tray. According to petitioner, during this conversation the correction officer admitted that he reported that he saw petitioner put the drugs in the food tray in order to "cover his ass" after being advised to do so by another correction officer. At the hearing, petitioner maintained that the verbal exchange between the two officers revealing that the author was advised to make this misrepresentation was captured on a videotape of the area outside the observation room. When the videotape was played at the hearing, however, the audio was not working. Consequently, the only evidence that could potentially corroborate petitioner's defense was the testimony of the other inmate. The Hearing Officer, however, denied the inmate as a witness on the ground that he was not present in the contraband watch room and did not have personal knowledge of the facts. We find that this was error as, regardless of whether this inmate actually observed the contraband watch, his testimony was clearly relevant to petitioner's defense (see Matter of Deboue v Fischer, 108 AD3d 818, 819 [2013]; Matter of Gross v Yelich, 101 AD3d 1298, 1298 [2012]; Matter of Lopez v Fischer, 100 AD3d 1069, 1070 [2012]). As such, the determination must be annulled. Nevertheless, inasmuch as the Hearing Officer set forth a good faith reason for the denial, this was at most a regulatory violation of petitioner's right to call witnesses for which the appropriate remedy is a new hearing, particularly given that substantial evidence otherwise supports the determination (see Matter of

<u>Allaway v Prack</u>, 139 AD3d 1203, 1205 [2016]; <u>Matter of Hand v Gutwein</u>, 113 AD3d 975, 976 [2014], <u>lv denied</u> 22 NY3d 866 [2014]). In view of our disposition, we decline to address petitioner's remaining claims.

Peters, P.J., Garry, Egan Jr., Clark and Mulvey, JJ., concur.

ADJUDGED that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court