■ In the Matter of Jacob Reyes, Petitioner, v Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent. [54 NYS3d 209]—

Lynch, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner became physically combative during a pat frisk requiring correction officers to use force to restrain him. He was escorted by two correction officers to the medical clinic following this incident. During the escort, petitioner refused orders to remain quiet and face forward, and then allegedly struck one of the correction officers who was accompanying him in the chest. As a result of his conduct during the escort, petitioner was charged in a misbehavior report with refusing a direct order, assaulting staff and engaging in violent conduct. Following a tier III disciplinary hearing, he was found guilty of the charges. The determination was later upheld on administra-

tive appeal with a modified penalty, and this CPLR article 78 proceeding ensued.*

Petitioner challenges the disciplinary determination on procedural grounds, arguing that he was improperly denied documentary evidence and the testimony of two witnesses, which he contends were potentially relevant to his retaliation defense. The documentary evidence requested consisted of a letter written by another inmate that was specifically referenced in the use of force report signed by the Superintendent following the incident and which prompted the Superintendent to call for a further investigation. Petitioner requested production of this letter at the hearing, believing that it might contain information supporting his claim that the correction officer who wrote the misbehavior report, against whom he had previously filed complaints, held a grudge and fabricated the report. The Hearing Officer denied petitioner's request because the letter was issued "after the fact." Respondent concedes and we agree that this was error as the letter may have contained potentially relevant information regarding the circumstances surrounding the incident, as well as the officer's motivation for writing the report. Absent disclosure of the letter, we cannot conclude on this record that petitioner's defense was not prejudiced (see Matter of Telesford v Annucci, 145 AD3d 1167, 1167 [2016]; Matter of Gallagher v Fischer, 108 AD3d 802, 802 [2013]; Matter of Caldwell v Rock, 93 AD3d 1048, 1048 [2012]).

Petitioner also takes issue with the fact that two correction officers, who responded to the initial altercation and were also purportedly present during the escort, were denied as witnesses. The denial of these witnesses was not specifically addressed at the hearing, but the witness interview forms completed by the Hearing Officer disclose that they were denied as immaterial because petitioner admitted that they were not present during the escort. The record, however, is not entirely clear in this regard. One of the escort officers who testified at the hearing related that he could not recall other officers being present during the escort and the other escort officer did not address this subject. Significantly, there was no testimony adduced at the hearing to establish that the two officers at issue were definitely not present. Although petitioner expressed to the Hearing Officer that he understood the escort officers to say that they escorted petitioner by themselves and the Hear-

---

* Although the verified petition does not raise the issue of substantial evidence and the proceeding was, therefore, improperly transferred to this Court, we retain jurisdiction in the interest of judicial economy (see Matter of Meehan v Annucci, 144 AD3d 1278, 1278 n [2016]).

ing Officer agreed, this was not an admission that other correction officers were not present. Notably, confidential documentation in the record discloses that the two officers reported to the medical clinic immediately after responding to the initial altercation and may have been in the hallway during the escort. Inasmuch as their testimony was potentially relevant to petitioner's defense, it was error to deny them as witnesses (*see Matter of McFarlane v Annucci*, 145 AD3d 1312, 1313 [2016]; *Matter of Gross v Yelich*, 101 AD3d 1298, 1298 [2012]).

Given the Hearing Officer's errors in denying potentially relevant documentary evidence and witness testimony, the determination must be annulled. However, inasmuch as the record reveals a good faith basis for the Hearing Officer's actions, the appropriate remedy for these regulatory violations is remittal for a new hearing rather than expungement (*see Matter of McFarlane v Annucci*, 145 AD3d at 1313; *Matter of Ellison v Annucci*, 142 AD3d 1233, 1234 [2016]; *Matter of Gross v Yelich*, 101 AD3d at 1298).

Garry, J.P., Rose, Clark and Aarons, JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.