Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
 

 After petitioner failed to submit a urine sample as directed by a correction officer within a three-hour period, petitioner was charged in a misbehavior report with refusing a direct order and failing to follow urinalysis procedures. Following a hearing, petitioner was found guilty of both charges and that determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.
 

 Petitioner contends that his enlarged prostate precluded him from providing a urine sample, a defense that he told the correction officer who ordered petitioner to submit the urine sample and which petitioner reiterated at the hearing. To that end, petitioner requested from his employee assistant and at the hearing that certain medical records be produced. Although the Hearing Officer placed a call to the correctional facility medical center, it went unanswered, and there was no further attempt to procure information regarding petitioner’s medical condition through records or testimony. Further, to the extent that the record establishes that petitioner was denied special accommodations for the submission of a urine sample, that denial was based upon shy bladder, not the medical condition asserted herein. Because such medical information requested by petitioner was relevant to his defense, and because we cannot say that his defense was not prejudiced, the determination must be annulled and the matter remitted for further proceedings (see Matter of Reyes v Annucci, 150 AD3d 1373, 1374 [2017]; Matter of Telesford v Annucci, 145 AD3d 1167, 1167 [2016]; Matter of Barone v Brack, 92 AD3d 999, 1000 [2012]; cf. Matter of Telesco v Selsky, 29 AD3d 1253, 1253 [2006], lv denied 7 NY3d 710 [2006]; Matter of Infante v Selsky, 21 AD3d 633, 634 [2005]).
 

 Garry, J.P., Lynch, Clark, Aarons and Pritzker, JJ., concur.
 

 Adjudged that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court’s decision.