Matter of Douglas v Annucci (2021 NY Slip Op 06020)





Matter of Douglas v Annucci


2021 NY Slip Op 06020


Decided on November 4, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 4, 2021

532835
[*1]In the Matter of Jerome Douglas III, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:October 8, 2021

Before:Egan Jr., J.P., Lynch, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Jerome Douglas III, Stormville, petitioner pro se.
Letitia James, Attorney General, Albany (Jennifer L. Clark of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with assaulting an incarcerated individual, fighting, engaging in violent conduct, refusing a direct order, creating a disturbance and possessing a weapon. According to the misbehavior report, a fight among petitioner and four other incarcerated individuals broke out by the handball courts in the field house and petitioner was seen making slashing motions to the head and face area of Dennis Bell, who was one of the participants. After the fighting stopped, a weapon was found near the handball courts. The author of the misbehavior report deemed the cut on petitioner's right pointer finger to be consistent with holding a cutting-type weapon like the one found, and the weapon described was consistent with, among other things, the laceration sustained by Bell. Following a tier III disciplinary hearing, petitioner was found guilty of all charges, except refusing a direct order. That determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.
We agree with petitioner that his conditional right to a witness was violated when his request for Bryon Johnson to testify was denied. Johnson, an incarcerated individual, was alleged to be involved in the fight. The record reflects that, after those involved in the initial fight complied with orders to stop fighting, Bell subsequently charged at Johnson, who was now by the ping pong table area, and made slashing motions toward Johnson's face with a knife-type weapon. Both Johnson and Bell, at some point, sustained lacerations to their faces. Petitioner denied assaulting Bell with a weapon during the fight and petitioner was not seen, either on the video evidence or from the eyewitnesses who did testify at the hearing, holding a weapon. In support of his defense, petitioner sought Johnson's testimony, as an eyewitness of and participant in the incident, to establish how Bell was assaulted and received the laceration, as well as when and where during the incident those injuries occurred.
The record reflects that, although Johnson agreed to testify at the hearing, the Hearing Officer denied Johnson as a witness stating, without any elaboration, that Johnson was unavailable. Although the Hearing Officer indicated that he made four attempts to procure Johnson as a witness, the record does not indicate, other than on that particular day and time, when those attempts were made by the Hearing Officer or the nature thereof. Furthermore, the Hearing Officer did not complete a witness denial form setting forth any further detail regarding his attempts to contact Johnson or the reasons for Johnson's unavailability. Under these circumstances, we find that the record does not sufficiently reflect [*2]whether reasonable and diligent efforts were made by the Hearing Officer to secure Johnson as a witness (see Matter of Allaway v Prack, 139 AD3d 1203, 1205 [2016]; Matter of Samuels v Fischer, 98 AD3d 776, 777 [2012]; cf. Matter of Rambert v Annucci, 153 AD3d 1492, 1493 [2017], lv denied 32 NY3d 916 [2019]; Matter of Safford v Annucci, 144 AD3d 1271, 1272 [2016], lv denied 29 NY3d 901 [2017]). Because the Hearing Officer articulated a good-faith reason for denying the witness, we find that petitioner's regulatory right to call a witness was violated and, therefore, remit the matter for a new hearing (see Matter of Allaway v Prack, 139 AD3d at 1205). To the extent that petitioner challenges the denial of his requests to call as witnesses a correction officer who responded to the incident and the correction facility nurse who examined Bell, the record reflects that their testimony would be redundant or irrelevant. In view of the foregoing, petitioner's remaining contentions are academic.
Egan Jr., J.P., Lynch, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ADJUDGED that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.