Matter of Saunders v Annucci (2022 NY Slip Op 04772)

Matter of Saunders v Annucci

2022 NY Slip Op 04772

Decided on July 28, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 28, 2022

533639
[*1]In the Matter of Tori Saunders, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:June 17, 2022

Before:Egan Jr., J.P., Lynch, Clark, Aarons and Ceresia, JJ.

Tori Saunders, Dannemora, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with assaulting an inmate, fighting, engaging in disorderly conduct, engaging in violent conduct, possessing a weapon, possessing contraband and refusing a direct order. According to the misbehavior report, in June 2020, the correction officer on duty on the east roof observed two inmates exchanging closed-fist punches in the yard bathroom, with one of the inmates, who later was identified as petitioner, making stabbing-type motions. Petitioner was then observed dropping an object from his hand and, after an unsuccessful attempt to pick it up, exited the bathroom and started walking along the H block wall. The other incarcerated individual involved was observed picking up the object and placing it in the toilet before he exited the bathroom and walked in a different direction from petitioner. The object — a metal pick-type weapon — was ultimately recovered and photographed. Following a tier III disciplinary hearing, petitioner was found guilty of all charges, and that determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.
We agree with petitioner that he was denied relevant documentary evidence. The record reflects that petitioner received an unusual incident report from his employee assistant and, upon petitioner's objection at the hearing that he did not receive the whole unusual incident report, the Hearing Officer provided petitioner with the to/from reports relevant to the incident at issue. At the conclusion of the hearing, however, and in response to the Hearing Officer's statement of the evidence, petitioner objected that the unusual incident report that he had been given related to a March 2020 incident and not the one related to the June 2020 incident at issue. Based upon the objection raised by petitioner, as well as both the March 2020 and June 2020 unusual incident reports being included with the in camera exhibits, it appears that petitioner was, in fact, given an irrelevant unusual incident report. Inasmuch as the June 2020 unusual incident report is "relevant to formulating petitioner's defense and effectuating his questioning" of witnesses, the determination must be annulled (Matter of Bermudez v Fischer, 106 AD3d 1295, 1295 [2013]; see Matter of Espinal v Annucci, 175 AD3d 1696, 1697 [2019]; Matter of Reyes v Annucci, 150 AD3d 1373, 1374-1375 [2017], lv denied 29 NY3d 918 [2017]). Further, respondent concedes, and the record confirms, that the charge of refusing a direct order is not supported by substantial evidence. As to the remaining charges, which are supported by substantial evidence, the appropriate remedy under the circumstances presented is remittal for a new hearing on those charges (see [*2]Matter of Bermudez v Fischer, 106 AD3d at 1295-1296). In view of this, petitioner's remaining contentions need not be addressed.
Egan Jr., J.P., Lynch, Clark, Aarons and Ceresia, JJ., concur.
ADJUDGED that the determination is annulled, without costs, petition granted to that extent, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.